## J. F. PEACOCK, RELATOR, v. JOSEPH LEONARD.

JURISDICTION OF DISTRICT COURT ON APPEAL FROM JUSTICE'S COURT. A district court on appeal has exactly the same jurisdiction as the justice of the peace from whose court the appeal is taken.

JURISDICTION OF ACTION OF FORCIBLE ENTRY AND DETAINER. An action for "wrongfully, unlawfully, and forcibly breaking and entering into real estate and unlawfully and forcibly ousting the possessor and ever since said forcible ouster unlawfully and forcibly holding possession thereof," is an action of forcible entry and unlawful detainer within the meaning of the constitution, (Art. VI, Sec. 6) and not within the jurisdiction of a justice of the peace.

GRAVAMEN OF COMPLAINT CHARGING "FORCIBLE AND UNLAWFUL ENTRY." In an action for "wrongfully, unlawfully, and forcibly breaking and entering into real estate and ousting the possessor and unlawfully and forcibly holding possession thereof," the gravamen of the complaint is the forcible entry alleged; for the reason that although the epithet "unlawfully" is also annexed to the entry charged, it cannot be treated as a substantive cause of action distinct from the forcible entry.

NO OFFENSE OF "UNLAWFUL" AS DISTINCT FROM "FORCIBLE ENTRY." Our statutes do not provide for or create any such offense as an "unlawful" as distinguished from a "forcible entry," within the meaning of the term "unlawful" as employed in the constitutional grant of jurisdiction. (Art. VI, Sec. 8.)

GIST OF ACTION FOR "FORCIBLE ENTRY AND UNLAWFUL DETAINER." In a complaint charging a forcible entry and unlawful detainer, the gist of the action is the forcible entry, the detainer not being stated as an independent ground of relief, but as a mere continuation or consequence of the entry.

JUDGMENT ON APPEAL FROM JUSTICE FOR FORCIBLE ENTRY ANNULLED. As a justice of the peace has no jurisdiction of an action of forcible entry, a district court has no jurisdiction thereof on appeal; and its proceedings and judgment to the contrary will be annulled on *certiorari*.

This was a proceeding on a writ of *certiorari*, issued out of the Supreme Court to the clerk of the district court of the second judicial district in and for Washoe County and directing him to certify up the proceedings in that court in the case of *Joseph Leonard* v. *J. F. Peacock.* On the return made, it appeared that action was originally commenced before J. S. Bowker, justice of the peace, for the purpose of recovering possession of a certain house and lot in the town of Reno, and damages. The allegations of the complaint and the proceedings before the justice, and on appeal before the district court, are stated in the opinion. The writ of *certiorari* was issued at the instance and on the petition of Peacock.

*Haydon & Cain,* for Petitioner.

It is clear, from Art. VI, Sec. 6, of the constitution, that the district court has original jurisdiction in an action of forcible entry and unlawful detainer, and that the proceedings of a justice of the peace in such an action are without authority of law and void. *Armstrong.* v. *Paul,* 1 Nev. 138; *Hoopes* v. *Meyer,* 1 Nev. 440. We must, therefore, strike from the pleadings all that portion which relates to a forcible entry and unlawful detainer, leaving the only questions to be tried that of an unlawful entry and forcible detainer; and the first point to consider is, what court has jurisdiction over such causes of action, and can a justice of the peace try them?

The constitution, in providing for the jurisdiction of justices of the peace, after enumerating several causes of action, says (Art. VI, Sec. 8): "Also of actions for the possession of lands and tenements where the relation of landlord and tenant exists, or where such possession has been unlawfully or fraudulently obtained or withheld." The statute gives justices of the peace the same jurisdiction. Stats. 1869, 272, Sec. 509. Neither the constitution nor the statute give justices' courts jurisdiction in actions concerning a forcible detainer; and as these courts are courts of

limited jurisdiction, they can take cognizance only of such causes as the law has marked out for them, and can not take any jurisdiction by implication. It follows that the district court alone can try those cases wherein it is alleged that a party has been guilty of a forcible detainer. Striking, therefore, from the complaint all that relates to a forcible entry and unlawful detainer and a forcible entry and forcible detainer, there is nothing left of the complaint except the charge that defendant unlawfully entered upon and took possession of the premises and retains the same.

But the act concerning forcible entries, (Stats. 1864–5, 180) is silent as to what constitutes an unlawful entry. No mention is made thereof in any of the sections of that statute. The only offense is an unlawful detainer, and, as has already been seen, the constitution has given jurisdiction of such cases to the district court, and to the justice's court only where the relation of landlord and tenant exist, which is not claimed to be the case here; and perhaps one other case where a person found in possession of premises and not a tenant of the landlord thereof shall be deemed guilty of an unlawful detainer, if he does not deliver up such premises to the landlord thereof after a written demand by said landlord. An unlawful entry is a peaceable entry in bad faith, and in an action therefor the defendant is entitled to show that he entered in a peaceable manner and in good faith and under a claim and color of title; and this is a good and sufficient defense to him; but this he is not allowed to show in an action of a forcible entry; for the preservation of the peace is of a higher consideration than a private right. *Thompson* v. *Smith,* 28 Cal. 531; *Wilby* v. *Houston,* 38 Cal. 422. In order to enable him to show his right of possession and claim of title, the action must be commenced in the district court in the exercise of original jurisdiction, and can not be tried in the exercise of appellate jurisdiction; and if the supreme court find upon a writ of *certiorari* that the justice of the peace did not have jurisdiction, the fact that the cause was appealed to the district court will not cure it, and the proceedings will be annulled. *Will* v.

*Sinkwitch*, 39 Cal. 571; *Caulfield* v. *Stevens*, 28 Cal. 118; *McEvoy* v. *Tye*, 27 Cal. 375.

*I. B. Marshall*, for Respondent.

I. The constitution (Art. VI, Sec. 6) provides that the district court shall have original jurisdiction of the action's of forcible entry and unlawful detainer, while it also (Art. VI, Sec. 8) provides that the legislature may confer upon justices' courts jurisdiction concurrent with the district courts of actions for the possession of lands and tenements, where the relation of landlord and tenant exists, or where such possession has been unlawfully or fraudulently obtained or withheld. The Practice Act, Sec. 509, provides that justices' courts shall have jurisdiction of actions where the possession of lands or tenements has been unlawfully or fraudulently obtained or withheld, in which case the proceedings shall be as prescribed by the act upon that subject. The grant of original jurisdiction in the constitution to a particular court of a class of cases without any words excluding other courts from exercising jurisdiction in the same cases, does not deprive other courts of concurrent jurisdiction in such cases. *Courtwright* v. *Bear River and A. W. and M. Co.*, 30 Cal. 573.

II. If a party, sued before a justice, has a good defense to the action in equity, he can appeal to the district court and there interpose his equities by way of answer, just as he would have the right to do, were the action originally commenced in that court. *Fowler* v. *Atkinson*, 6 Minn. 503.

III. Forcible entry and forcible detainer are separate causes of action and ought to be separately stated in different counts in the complaint; but if the complaint is not demurred to, the objection is waived. *Valencia* v. *Couch*, 32 Cal. 340.

By the Court, GARBER, J. :

Leonard sued Peacock in a justice's court. The complaint alleged that, on a certain day, Leonard was in the peaceable

possession of certain real estate, and that so being, Peacock "wrongfully, unlawfully, and forcibly broke and entered into the same, and unlawfully and forcibly ousted Leonard, and has, ever since said forcible ouster, unlawfully and forcibly held possession," etc.  Leonard obtained a judgment, and Peacock appealed to the district court.  In the district court, the jury found a verdict of guilty, and assessed the damages at ten dollars, and thereupon judgment was rendered in favor of Leonard for the possession of the premises, treble damages, and costs.  To annul that judgment, Peacock has made this application for a writ of *certiorari*.

As the district court on appeal had exactly the same jurisdiction as the justice of the peace, the question is whether this was an action of "forcible entry and unlawful detainer," or an action "for the possession of lands and tenements, where the relation of landlord and tenant exists, or when such possession has been unlawfully or fraudulently obtained or withheld," as provided for in the constitution of this State. I think it must be regarded as the former, and that consequently the whole proceeding was void.  The gravamen of the complaint is the forcible entry alleged.  Though the complaint also annexes the epithet unlawfully to the entry charged, this can not be treated as the statement of a substantive cause of action, distinct from the forcible entry; for our statutes have provided for or created no such offense as an unlawful as distinguished from a forcible entry.  In one sense, however, every forcible entry is unlawful, but not unlawful according to the meaning of that term as employed in the constitutional grant of jurisdiction.  The complaint must then be taken to charge simply a forcible entry and unnecessarily to assert the conclusion that it was also unlawful because forcible.  The same may be said of the allegation that the detainer was unlawful.  "In a complaint so framed, the forcible entry is the gist of the action"—the detainer not being stated as an independent ground of relief, but as a mere continuation or consequence of the entry. 31 Cal. 126.

Peacock *v.* Leonard.

The judgment, too, proceeds on the same theory—treble damages being authorized only on the hypothesis that this was an action for and recovery based upon a forcible entry or a forcible holding.

The record shows that the district court as well as that of the justice exceeded their jurisdiction. Certainly it fails to show their jurisdiction clearly and affirmatively. I am of opinion, therefore, that the proceedings and judgment under review should be annulled.