## THE STATE OF NEVADA ex rel. GEORGE P. HARDING v. W. F. MOOR, AND CERTAIN REAL AND PERSONAL PROPERTY.

JURISDICTION OF DISTRICT COURT ON APPEAL FROM JUSTICE.—As a district court on appeal from a justice has exactly the same jurisdiction as the justice, a plea cannot be considered in the district court on such appeal, which could not have been considered in the justice's court.

PROCEEDINGS OF DISTRICT COURT BEYOND ITS JURISDICTION TO BE ANNULLED. Where on appeal from a justice's court, the defendant was allowed in the district court to file an answer, presenting an issue which could not have been tried in the justice's court and obtained judgment thereon: *Held,* That the district court exceeded its jurisdiction, and that its proceedings and judgment should be annulled.

CERTIORARI from the Supreme Court to the District Court of the Second Judicial District, Douglas County.

The relator set forth in his affidavit that he as district attorney of Douglas County, on March 4, 1874, commenced an action in the justice's court of Genoa township, Douglas County, in the name of the State of Nevada, and against W. F. Moor, and certain real and personal property for the purpose of recovering State and county taxes assessed for the year 1873, amounting to $94 83; that due service was made by the summons in said action; that defendants therein failed to appear in the justice's court; that a judgment by

default was regularly entered against them; that afterwards
they appealed to the district court of the second judicial
district in and for Douglas County; that the cause was placed
on the calendar of said district court, and that when the
same came on for hearing, the defendants appeared and
asked and obtained against relator's objections leave to file
an answer.

It further appeared from the affidavit that the real prop-
erty so sued, and for the taxes of which the action was insti-
stituted, was a ranch or possessory claim of 160 acres, des-
cribed as lying on Walker river, and bounded north and
west by vacant land, south by State line, and east by land of
Fairburn. The answer put in by defendants, alleged that
the said property, and the whole thereof, was situated in the
state of California, and not any part of it in the County of
Douglas. Upon this answer the defendants had judgment
in the district court.

Relator prayed for a writ of review and certiorari directed
to the district court, on the ground that in allowing the de-
fendants to file an answer, and in considering the same, and
rendering judgment, it had exceeded its jurisdiction, for the
reason that the trial and determination of the issue raised
by the answer involved the title and right of possession to
real estate, and also the legality of an assessment and tax.
The writ of review was accordingly issued and the proceed-
ings in the action certified up.

*G. P. Harding*, for Relator.

*Ellis & King*, for Respondent, Moor.

By the Court, HAWLEY, J.:

The State brought suit in the justice's court and obtained
judgment by default. Defendant appealed to the district
court, and was therein allowed to file an answer which

presented an issue that could not have been tried in the justice's court. Upon the trial of the issues thus raised defendant obtained judgment. To set aside this judgment relator made this application for a writ of certiorari, claiming that the district court exceeded its jurisdiction.

In the case of *Peacock* v. *Leonard,* this Court decided that a district court on appeal had exactly the same jurisdiction as the justice of the peace, from whose court the appeal is taken. 8 Nev. 84.

As the justice could not have tried this case upon the answer filed in the district court, it follows from the rule announced in *Peacock* v. *Leonard,* that the proceedings and judgment in the district court should be annulled.