First Nat. Bank of Helena, respondent, *v.* McAndrews, appellant.

Practice — *Motion for new trial — Review — Deficient record.* — A decision upon a motion for a new trial may not be reviewed in the appellate court when the record does not show that any motion for a new trial was filed in the lower court, nor that any notice of motion designating the errors complained of was filed or served upon the opposite party.

*Appeal from Second District, Deer Lodge County.*

T. L. Napton, for appellant.

E. W. & J. K. Toole, for respondent.

Wade, C. J. This is a motion to strike out that portion of the transcript purporting to be a statement on motion for a new trial, for the reason that there is noth-

ing in the record to show that there was either a motion for a new trial filed, or a notice thereof served upon the adverse party, as required by section 287 of the Code of Civil Procedure. That section provides that the party intending to move for a new trial must, within ten days after the verdict of the jury or decision of the court, file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or the minutes of the court or a bill of exceptions or a statement of the case. These provisions of the statute must be substantially complied with before this court can be called on to review the action of the lower court in overruling or sustaining a motion for a new trial. Unless there is a notice or motion, designating the errors complained of, upon which the lower court has passed, there is nothing for this court to review. This is an appellate court, and has jurisdiction to review the decisions of the lower court. Certain questions may be raised in the supreme court for the first time, but questions concerning new trials do not belong to this class. Unless the errors were assigned in the court below in the notice or motion, we have no means of knowing what questions were decided by such courts, and upon such a motion the court will only review the questions determined in the lower court. We cannot establish a precedent declaring that a decision upon a motion for a new trial may be reviewed in this court, when the record does not show that any motion for a new trial was filed in the lower court, nor that any notice of motion, designating the errors complained of, was filed or served upon the opposite party. There is nothing in the record before us to indicate upon what questions the court passed in overruling the motion for a new trial. We are informed that the motion for a new trial was overruled, but the record is silent as to the grounds of the motion, and as to whether there was a notice or motion filed. The recital

in the statement, which was made up after the notice of motion was or should have been filed, that the appellant relies upon certain errors assigned, cannot take the place of a notice designating the grounds of motion for a new trial served as the statute provides. There is nothing in the record showing that the errors recited in the statement were the errors designated in the notice, or that they raise the questions upon which the court passed in overruling the motion for a new trial. The motion is granted.

(All the judges concur.)