GUM, respondent, *v.* MURRAY ET AL., appellants.

PRACTICE— *New trial — Appeal — Record must contain motion and notice.—* An order on a motion for a new trial will not be reviewed on appeal when the record fails to show that any motion for a new trial was filed in the lower court, or that any notice of motion designating the errors complained of was filed or served upon the opposite party.

INSTRUCTIONS — *General objection to, insufficient.—* A general objection to each and all of instructions given that they are not law, or are misleading to the jury, is not enough.

SAME — *Review of instructions — Record must contain evidence.—* An exception to instructions will not be considered on appeal, unless the evidence is embodied in a bill of exceptions properly signed by the trial judge.

*Appeal from First District, Gallatin County.*

THE opinion states the facts.

LUCE & ARMSTRONG, for the appellants.

VIVION & SHELTON, for the respondent.

GALBRAITH, J. This is an appeal from a judgment rendered against the appellant, Nelson Murray, and from an order which it is claimed overruled his motion for a new trial. Upon an examination of what purports to be a statement on motion for a new trial, we do not find either a motion for a new trial, or a notice of such motion. After this statement we find in the record the following order: " And on the 2d day of January, 1885, said motion coming on to

be heard, was overruled, to which Nelson Murray duly excepted." This order does not indicate what motion was overruled. There being no motion for a new trial, nor notice of such, so far as we can discover from the record before us, we cannot say that this order referred to a motion for a new trial. It refers to some former motion, but no motion of any kind whatever appears in the record before us. But even were we to say that this order did refer to a motion for a new trial, still the statement is fatally defective, in that it contains no motion for a new trial, nor notice thereof as required by law. In the case of *The First National Bank of Helena* v. *McAndrews*, 5 Mont. 251, this court said: "That section [referring to section 287 of the Code of Civil Procedure] provides that the party intending to move for a new trial must, within ten days after the verdict of the jury, or decision of the court, file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or the minutes of the court, or a bill of exceptions, or a statement of the case. These provisions of the statute must be substantially complied with before this court can be called upon to review the action of the lower court in overruling or sustaining a motion for a new trial. Unless there is a notice or motion designating the errors complained of, upon which the lower court has passed, there is nothing for this court to review. . . . . We cannot establish a precedent declaring that a decision upon a motion for a new trial may be reviewed in this court, where the record does not show that any motion for a new trial was filed in the lower court, nor that any notice of motion designating the errors complained of was filed or served upon the opposite party. . . . . The recital in the statement which was made up after the notice of motion was, or should have been, filed, that the appellant relies upon certain errors assigned, cannot take the place of a

notice designating the grounds of motion for a new trial, as the statute provides."

The statement on motion for a new trial in this case is in precisely the same condition, and the above language is applicable to it in every particular. We cannot, therefore, consider the statement on motion for a new trial. There is no error apparent in the judgment roll. There is, indeed, what purports to be an exception to all the instructions given by the court to the jury, for the reason that the same did not state the law applicable to the case, and were calculated to mislead the jury. But this is not a bill of exceptions as contemplated by the law in relation to what shall constitute the judgment roll. R. S. 1st div. sec. 294. It is not signed by the judge who tried the cause. Id. sec. 816. It is not stated with the evidence, which is necessary to show the application of such instructions, or explain the exception. Id. sec. 282; *Territory* v. *Bell and Lane*, 5 Mont. 562. In *McKinstry* v. *Clark & Cameron*, 4 Mont. 370, this court said: The law requires the parties to a suit, desiring to except to this action of the court, to specify the same in writing as to each instruction, and the objection to the same, so that the court may know whether the objection exists to the modification, or the giving, or the refusal of the court to give, the instruction. A general objection to each and all of the instructions that they are not law, or are misleading to the jury, is not enough.

We see no question in this record which we can consider. The judgment is affirmed, with costs.

                                        *Judgment affirmed.*

WADE, C. J., concurred.