[No. 11073. In Bank.—June 14, 1887.]

CHARLES HEGARD, RESPONDENT, v. CALIFORNIA INSURANCE COMPANY, APPELLANT.

PRACTICE — APPEAL — NEW TRIAL — OBJECTION THAT PROCEEDINGS ON WERE NOT IN TIME. — An objection that the proceedings in the lower court for a new trial were not had within the time allowed by law will not be considered on appeal, when no such objection was raised either on the settlement of the bill of exceptions on which the motion was based, or on the hearing of the motion.

FIRE INSURANCE — CONSTRUCTION OF POLICY — ACTUAL CASH VALUE OF BUILDING — DEPRECIATION — EVIDENCE. — The action was brought on a policy of fire insurance to recover for a loss caused by the burning of the insured building. The policy in question contained a provision that in no case should the claim for loss be for a greater sum than the actual damage to or cash value of the property at the time of the fire; that the cash value of the property should in no case exceed what would be the cost to the assured at the time of the fire of replacing the same; and in case of the depreciation of the property from use or otherwise, a suitable deduction from the cash cost of replacing the same should be made to ascertain the actual cash value. On the trial, a witness, having testified as to the cost of replacing the building, was asked by the defendant what would be a reasonable deduction from his estimate of the cost of replacing for depreciations in the value of the original building since the time it was built. The court excluded the question on the ground that it was immaterial. *Held*, that the ruling was proper, as the material question was, What was the actual condition and value of the building at the time of the fire?

PRACTICE — APPEAL — HEARING IN DEPARTMENT AND IN BANK — PETITION FOR REHEARING. — When a case has been heard and decided by the Supreme Court in Department, and afterwards by the court in Bank, the right to petition for a rehearing in Bank will not be recognized.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order refusing a new trial.

The action was brought on a policy of fire insurance to recover the loss sustained by the burning of the insured building. The further facts are stated in the opinion of the court.

*E. W. McGraw*, for Appellant.

*W. W. Kellogg*, and *R. H. F. Variel*, for Respondent.

PATERSON, J.—It is urged by respondent that the proceedings in the court below for a new trial were not within the time allowed by law therefor, and that in consequence thereof we should consider only the judgment roll on this appeal. It is sufficient to say in answer to this proposition that no objection was made in the court below to the proposed bill of exceptions, or to the hearing of the motion for a new trial. The appellant prepared and served its proposed bill of exceptions; the respondent, without objection, proposed amendments thereto. The court, without objection, settled the bill, fixed a time for argument, heard and decided the motion for a new trial without any suggestion from respondent that the proceedings had not been commenced in time or prosecuted with diligence. Under these circumstances, we think that the respondent's objections ought not to be heard in this court. The record is silent upon the question whether any extension of time was given by order or stipulation. (*Gray* v. *Nunan*, 63 Cal. 220.)

The plaintiff recovered a judgment of $1,950, and from that judgment, and an order denying a motion for a new trial, the defendant appealed.

It is contended by appellant that the plaintiff ought not to recover, because he overvalued the property, and because he falsely represented that he was the sole owner of the property insured. The policy contained stipulations that in the event of false representations in regard to any of these matters the policy should be void. Upon these issues the court found in favor of the plaintiff, and the findings are supported by the evidence.

In the policy upon which the plaintiff founded his right to recover, there is this provision as to the measure and mode of computing the damages: "In no case shall the claim be for a greater sum than the actual damage to or cash value of the property at the time of the fire. . . . . The cash value of property destroyed or damaged by fire shall in no case exceed what would be the

cost to the assured at the time of the fire of replacing the same; and in case of the depreciation of such property from use or otherwise, a suitable deduction from the cash cost of replacing the same shall be made to ascertain the actual cash value."

Upon these provisions in the policy, and the rulings of the court on the evidence offered on this topic, the appellant places its chief reliance for a reversal of the judgment.   The record is as follows:—

"William Kinzie, witness for plaintiff, testified: Am a carpenter and mechanic; know the cost of building in Quincy for many years past; was well acquainted with Hegard's saloon that was burned.   At the time of the fire it would have cost $1,264 to replace that building. In October, 1883, materials were a little higher than at the time of the fire, and then it would have cost $1,334.

"Cross-examination:—

"What is a reasonable deduction from your cost of replacing the building for depreciation in the value of the original building, which was built in 1856 or 1857? Objected to as not cross-examination,—that the question was irrelevant and immaterial.   Objection sustained, and defendant excepted.

"G. B. Somner, called for plaintiff, testified same as witness Kinzie."

### DEFENDANT'S TESTIMONY.

G. B. Somner, recalled for defendant, testified: Of the $1,264, cost of replacing that building, $809 would be for the original building, and the rest for the additions.

"Q.—What would be a reasonable deduction from your estimate of the cost of replacing the building for depreciations in the value of the original building, which was built in 1856 or 1857?   Objected to by plaintiff as immaterial, irrelevant, and incompetent.

"The court to counsel for defendant: Depreciation from what time?

"Mr. McGraw: From the time the building was built.

"The Court: That is not proper. I will allow you to prove depreciation since the policy was issued, but not before. Objection sustained. Defendant excepted to the ruling."

This point of contention raised between counsel and the court as to the period of depreciation, it seems to us, is one of form and theory, and without merit or application. The age of the building is not an essential element of the criterion for damages which is prescribed by the contract. The material questions — the ultimate facts to be determined — are, What was the actual condition of the building immediately before the fire? To what extent was it worn or dilapidated by use or by the elements? How much worse was its condition than a new building of the same plan, form, and execution? and what is a reasonable deduction for the depreciation? The time when the building was erected is immaterial. The house may have been built at one time, painted at another, decorated still later, improved at intervals, and the exact time when it reached its best finish be forgotten. How, then, shall we apply the rule contended for by defendant? The facts in this case illustrate its inapplicability. Many and great changes had been wrought in the form and substance of the building. After a quarter of a century the original building was transferred to another lot. A part of the sills had been removed and new ones put in their places, portions of the floor were treated in like manner, new lathing was substituted, the ceiling was plastered, the walls were "patched" and papered, the wainscoting repaired, and a brick chimney added. In January, 1882, a new wing was attached, and in August, 1883, an addition was erected which appears to have been fully half as large as the original building. To enable a witness to apply intelligently the rule contended for in this case, he must have watched for nearly thirty years the changes which had occurred in the build-

ing by use thereof and by action of the elements.  But, as stated before, the period of time through which the building had passed is immaterial, the material question being, what was its actual condition and value at the time of the fire.  The word "depreciation" seems to have been used by the parties to the contract rather in the sense of deterioration than in its strict signification.

No other effort was made by defendant to show the condition or value of the building than as shown in the above copy of the record.  We think, therefore, that the failure of the defendant to show the actual detriment, if any, for which a deduction should be allowed, was due to its adherence to an immaterial matter.  The fact that the court erroneously proposed another and more limited period of "depreciation" was not, under the circumstances, such an error as could have operated to the prejudice of the defendant.

The witnesses Kinzie and Somner were experts, knew the building, and could have stated, no doubt, how much less the old building was worth than the new one, the value of which they had fixed in the sum of $1,264.

The evidence is sufficient to justify the findings of the court as to the value of the building.  Mr. Dorsch, agent for defendant, testified that he examined the whole property insured, including the building, and thought the values were fair.  It is conceded by respondent that the judgment is excessive to the amount of $185, the value of certain articles which the court below considered under the description of "bar-room fixtures."

The cause is remanded, with directions to the Superior Court to modify the judgment by substituting the figures $1,765 for the figures $1,950.  In all other respects the judgment and order are affirmed.

SEARLS, C. J., THORNTON, J., and McFARLAND, J., concurred.

A motion for a rehearing having been subsequently made, the following opinion was rendered on the 22d of June, 1887: —

The COURT.—This cause was heard and decided in Department, after which a rehearing in Bank was ordered, where the cause was again heard and decided. Appellant now files a second petition for a rehearing.

The petition is denied for the reasons, — 1. That an examination of the record shows no sufficient cause therefor; and 2. That the constitution does not provide for a rehearing of causes decided in Bank, and the statute (Code Civ. Proc., sec. 45) expressly provides that " every judgment of the court in Bank shall be final, except in cases in which no previous judgment has been rendered in one of the Departments," etc.

Whatever may be the inherent right of the court, independent of statutory provision, to amend, alter, modify, or set aside its judgments, — a question upon which we express no opinion, — we think it clear that the right to petition for a rehearing should not be recognized in cases decided in Department, and afterward in Bank.