MORSE, APPELLANT, v. BOYDE, RESPONDENT.

II 247
21 42

[Argued November 11, 1891. Decided November 30, 1891.]

PLEADING—*Forcible entry and unlawful detainer.*—A complaint in an action brought under section 716 of the Code of Civil Procedure, defining forcible entry and unlawful detainer, will not support a judgment in the absence of averments showing either a forcible entry or a forcible detainer. (*Febes* v. *Tiernan,* 1 Mont. 179, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

Action for forcible entry and unlawful detainer.

The cause was tried before W. H. TRIPPET, Special Judge, sitting in place of DURFEE, J. Defendant had judgment below.

*Forbis & Forbis*, for Appellant.

*Cole & Whitehill*, for Respondent.

BLAKE, C. J. — The complaint alleges that the plaintiff, "on the twenty-third day of May, 1887, . . . . was peacefully possessed of and had enclosed the following described property: [Description.] That while plaintiff was so peaceably possessed of said property the defendants, on or about the fifth day of June, 1888, unlawfully entered upon, turned the plaintiff out of same, and still unlawfully detains the same, to plaintiff's damage in the sum of three hundred dollars." These allegations are denied by the answer.

The action was tried by the court without a jury, and the following findings of facts were made: —

"1. That on the fourth day of June, 1888, the plaintiff was in the actual, peaceable, and quiet possession of the premises described in the complaint, and which had continued for a number of years; and which possession consisted in having the premises partially enclosed with a fence, in having a cabin on the ground, in cutting the hay which had grown upon it for the year previously, and in wintering his sheep there, and in keeping one or two employees living on the premises in the cabin, and in exercising general control and dominion over the premises. The plaintiff did not reside upon the premises, but visited them every two or three months. The premises were unsurveyed public domain.

"2. That on the fourth day of June, 1888, the defendant, John Boyde, entered upon a portion of the premises, and with the assistance of his co-defendant erected a cabin thereon. This was without the knowledge or consent of the plaintiff, and in his absence. But the said John Boyde had been invited to go upon the premises, and locate and take up the same, by one Frank Waite, who was then residing upon the premises as a servant and employee of the plaintiff, but which invitation was without the knowledge or consent of the plaintiff, the said Waite acting in fraud of the plaintiff's rights. The defendant, John Boyde, entered the premises under the belief that they had belonged to one Boswell, who had recently died, but who had occupied them as the employee of the plaintiff.

"3. That subsequently, about the 10th of June, 1888, the plaintiff went to the premises, and demanded the possession of the said defendants, and objected to their retaining the possession of the premises, or any part thereof.

"4. That the defendant, John Boyde, refused to deliver the premises, or any part thereof, to the plaintiff; and, in reply to the plaintiff's demand of the possession, replied that he intended to hold the possession; that plaintiff had no right thereto; and that he would like to see how plaintiff would put him out of the possession, and gave the plaintiff to understand that he would hold possession.

"5. That the defendant, John Boyde, has ever since said time held the possession of the said premises in controversy against the will and wish and consent of the plaintiff, and was so holding the same at the time of the commencement of this action.

"As conclusions of law, the court finds, from the foregoing facts, that the defendants are not guilty of either forcible entry or unlawful detainer on or of said premises, and are entitled to judgment for costs."

The statute upon which the complaint is claimed to be founded reads as follows: "No person or persons shall hereafter make any entry into lands, tenements, or other possessions . . . . in the temporary absence of the party or parties in possession, or by entering peaceably, and the turning out by force, or frightening by threats, or other circumstances of terror, the party or parties out of possession, and detain and hold the same." (Code Civ. Proc. § 716.) It will be observed that the complaint does not contain any allegations showing a forcible entry or a forcible detainer, which are necessary to bring the case within the statute. It appears from the evidence and findings that the plaintiff was attempting to prove an unlawful entry and a forcible detainer of the premises. The case of *McEvoy* v. *Igo*, 27 Cal. 375, is directly in point, and the complaint alleged that the defendant "unlawfully entered upon the said described premises, and took possession of the same, and the said defendant has ever since illegally and unlawfully detained possession of the same from the plaintiff, against the form of the statute in such case made and provided, to her great damage, to wit, the sum of fifty dollars." Mr. Justice Sawyer said: "This is the en-

tire averment with respect to the character of the entry and detainer. The facts alleged are sufficient to authorize a recovery in the action formerly denominated ejectment—nothing more." (See, also, *Holland* v. *Green*, 62 Cal. 67 ; *Peacock* v. *Leonard*, 8 Nev. 84; *Febes* v. *Tiernan*, 1 Mont. 179, 182.) The complaint is fatally defective, and cannot support a judgment in favor of the appellant.

It is ordered and adjudged that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.