(November 22, 1898.)

## STEFFY v. ESLER.

[55 Pac. 239.]

DEED TO MINING PROPERTY—CONSIDERATION—CANCELLATION OF DEED.—Where S. executed and delivered to E. a deed of a one-fourth interest in certain mining property for the consideration of E. paying certain indebtedness contracted by E. and S. in working of such property as copartners, and also a certain note and mortgage executed by S. and the release of S. from any and all liability upon such indebtedness, and it was understood and agreed by and between said parties that said deed was not to become operative or to pass title until such payment had been made by E., *held*, that on the refusal of E. to make said payments or comply with said conditions, S. was entitled to have such deed canceled.

APPEAL—STATEMENT ON MOTION FOR NEW TRIAL.—Under section 4818, Revised Statutes of Idaho, providing that any statement used on motion for a new trial may be considered on an appeal from a final judgment, what purports to be a statement on motion for new trial cannot be considered, it not appearing that any motion for a new trial was made.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

John R. McBride, for Appellant.

A deed in escrow is a familiar transaction, but a deed regularly made, acknowledged and delivered by the grantor to the grantee, and yet not a deed, would certainly be a most remarkable transaction between two business men dealing with valuable property. There is no fraud alleged or claimed, but a deed is made and delivered which on its face bears no evidence of any condition precedent or subsequent, and yet the party declares it was no deed in fact. An attempt to defeat the most solemn act a man may do, by parol evidence that it was never what it purported to be, with no pretense of any fraud practiced upon him, is certainly an anomalous claim. (Devlin on Deeds, sec. 976.) The engrafting of a contemporaneous condition on a deed in a proper action will be al-

lowed only on clear evidence of fraud, accident or mistake. (Wharton on Evidence, sec. 1050; *Wallace v. Baker,* 1 Binn. 610; *Marshalltown High School v. Iowa Synod,* 28 Iowa, 360; *Galveston etc. Ry. Co. v. Pfeuffer,* 56 Tex. 66; *East Line R. R. Co. v. Garrett,* 52 Tex. 133.)

Charles L. Heitman, for Respondent.

This suit is brought for the purpose of procuring the cancellation of a deed which is set forth in the pleadings herein. The issue is between the original parties to the deed. The contention of the respondent is, that the deed covering the property in controversy was never in fact delivered as a present contract unconditionally binding upon the respondent according to its terms from the time of such delivery, but was left in the hands of the appellant to become absolute in the event of the appellant doing certain things, to wit, paying certain debts and sums of money as set forth in the complaint. In other words, the deed upon which this suit is based was not, except in a named contingency, to become a contract or a deed absolute. In support of this contention respondent relies upon the case of *Burke v. Dulaney,* 153 U. S. 229-239, 14 Sup. Ct. Rep. 816. (*Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. Rep. 174; *Juilliard v. Chaffee,* 92 N. Y. 529, 535; *Reynolds v. Robinson,* 110 N. Y. 654, 18 N. E. 127; *McFarland v. Sikes,* 54 Conn. 250; *Wiard v. Brown,* 59 Cal. 194, 1 Am. St. Rep, 111, 7 Atl. 408; *Roundtree v. Smith,* 152 Ill. 493, 38 N. E. 680; 2 Devlin on Deeds, sec. 822.)

HUSTON, J.—This is an appeal from a judgment rendered by the district court for the county of Kootenai. Notice of intention to move for a new trial was filed and served, but no motion for a new trial was ever made or passed upon by the court. The record contains what purports to be a statement on motion for a new trial, but, as no motion for a new trial was ever made or passed upon by the court, such statement cannot be used on this appeal. Section 4818 of the Revised Statutes of Idaho provides: "Any statement used on motion for a new trial or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 4443, or any bill of exceptions settled, as provided in sections 4429 or

4430, or used on motion for a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial." The language of the statute is plain, and its purpose obvious. To have permitted the use, on appeal, of a statement of facts, which had never been examined or passed upon by the trial court, would be contrary to the recognized principles which regulate and control appellate proceedings, as well as a palpable injustice to the trial court. (*Brind v. Gregory,* 130 Cal. 640, 53 Pac. 25.)

The elimination of the statement from the record leaves only the judgment-roll to be considered by this court. Appellant objects that the complaint does not state a cause of action. The complaint states that the deed, for the cancellation of which this action is brought, was executed and delivered by plaintiff to defendant "upon the express agreement and understanding that the title to said undivided interest in said mining claims, as hereinbefore set forth, should not vest in the defendant, but should remain in the plaintiff until the full performance by the defendant of said condition precedent, to wit, the payment by the defendant of the said sum of $386.25, with the accrued interest thereon, so due from plaintiff on his note and mortgage to A. Lund, as aforesaid, and the release of the plaintiff from said indebtedness, and the payment by defendant of the said sum of about $825, so due and owing from plaintiff and defendant to different individuals, as hereinbefore set forth, and the release of plaintiff from said indebtedness"; and this is, in substance, repeated in the complaint, and is followed by the averment that the defendant had failed and refused to comply with or perform any or either of said conditions precedent to the passing of any title by, or establishing the validity of, said deed; that plaintiff had demanded of defendant a performance of the said conditions precedent by him, and, upon refusal, had demanded a reconveyance of the property by defendant, which was also refused—all of which facts alleged in the complaint are by the trial court found to be true.

Counsel for appellant does not, we think, state the whole case made by the plaintiff when he says: "Plaintiff made the deed for the consideration that Esler [the defendant] should pay

debts that he was already bound for." The plaintiff was personally liable for all the indebtedness mentioned, and, as alleged in the complaint and found by the court, was to be released from such indebtedness by its payment by the defendant, and it was in consideration of such payment and release that he consented to part with his property. "As no particular form of delivery is required, the question whether there was a delivery of a deed or not, so as to pass title, must, in great measure, where it is not clear that an actual delivery has been effected, depend upon the particular circumstances of each particular case." (1 Devlin on Deeds, sec. 262.) The trial court finds in this case "that the quitclaim deed so given by the plaintiff to the defendant on the eleventh day of August, 1897, was never an executed contract, and that the plaintiff is to have the said deed surrendered and canceled," etc. Upon the record presented to us we find no error in the judgment and conclusions of the district court. The judgment of the district court is affirmed, with costs to the respondent.

Sullivan, C. J., and Quarles, J., concur.