(May 9, 1907.)

## ALBERT STEVE, Respondent, v. BONNERS FERRY LUMBER COMPANY, Appellant.

[92 Pac. 363.]

RECORD ON APPEAL—NOTICE OF INTENTION TO MOVE FOR A NEW TRIAL—ORDER EXTENDING TIME FOR PREPARATION OF STATEMENT—MOTION FOR NEW TRIAL—IDENTIFICATION OF PAPERS USED ON MOTION FOR NEW TRIAL.

1. Under the provisions of sections 4443 and 4820 of the Revised Statutes, notice of intention to move for a new trial is not made a part of the record on appeal from the order granting or denying the motion, and it is not necessary that such notice be incorporated in the statement unless the adverse party objects to its sufficiency for some reason, and has his objection settled and incorporated in a bill of exceptions or statement.

2. Orders extending time for the preparation of the statement or bill of exceptions are not a necessary part of the record on appeal, and it is not necessary that they be included in the statement on motion for a new trial.

3. Where a trial court has passed upon a motion for a new trial, it will be presumed, in the absence of a showing to the contrary, that a proper notice of intention to make such motion had been filed and served, and that a motion for a new trial was properly made and presented to the court or judge thereof.

4. Under the provisions of sections 4443, 4820 and 4821 of the Revised Statutes, it is essential that one who appeals from an order granting or denying a motion for a new trial should furnish the appellate court with a proper certificate identifying the papers,

records, files and other matter presented to and used by the trial judge upon the hearing and consideration of such motion, and upon failure on the part of the appellant to furnish such certificate, his appeal from the order granting or refusing the motion will be dismissed.

APPEAL from the District Court of the First Judicial District for the County of Kootenai. Hon. Ralph T. Morgan, Judge.

Action to recover damages for personal injury. Judgment for plaintiff. Appeal from an order denying a motion for a new trial dismissed and judgment affirmed.

John P. Gray and E. C. Macdonald, for Appellant.

It is reversible error, in an action for personal injuries, for counsel to give the jury to understand that an insurance company is defending the case. (*Iverson v. McDonnell,* 36 Wash. 73-75, 78 Pac. 202; *Manigold v. Black River Traction Co.,* 81 App. Div. 381, 80 N. Y. Supp. 861; *Cosselmon v. Dunfee,* 172 N. Y. 507, 65 N. E. 494; *Fuller Co. v. Darragh,* 101 Ill. App. 664; *Sawyer v. Arnold Shoe Co.,* 90 Me. 369, 38 Atl. 333; *Lowsit v. Seattle Lumber Co.,* 38 Wash. 290, 80 Pac. 431.)

When counsel had brought out the fact that Mr. Rickerd was a stockholder, it followed as a matter of course that he was interested in the defendant company, and any further questions were simply for the purpose of prejudicing the jury. It is clear from counsel's own statement that he was not asking about Rickerd's financial interest in this case from good faith, but solely with the purpose to show that a foreign insurance company would have to pay whatever damages were given by the jury.

Since the Montana cases cited by respondent, to the effect that notice of intention to move for a new trial must be incorporated in the statement, have been decided, the Montana court has changed its view, and has practically admitted that, as Montana took the statute from California after it had been considered by the supreme court of California, their court was in error in not having followed the California decisions.

(*Carr, Ryder & Adams Co. v. Closser,* 27 Mont. 94, 69 Pac. 561; *King v. Pony Gold Mining Co.,* 28 Mont. 74, 72 Pac. 309.)

The statute of Idaho relating to new trials and appeals was also copied from that of California, and the California construction should be followed here. (*Pico v. Cohn,* 78 Cal. 387, 20 Pac. 706; *Gage v. Downey,* 79 Cal. 143, 21 Pac. 527; *McShane v. Carter,* 80 Cal. 312, 22 Pac. 178; *Richardson v. Eureka,* 92 Cal. 65, 28 Pac. 102; *Kahn v. Wilson,* 120 Cal. 644, 53 Pac. 24; *Nippert v. Warncke,* 128 Cal. 503, 61 Pac. 96; *Schneider v. Market Street Ry Co.,* 134 Cal. 484, 66 Pac. 734; *Beck v. Thompson,* 22 Nev. 419, 41 Pac. 1; *Ettien v. Drum* (Mont.), 88 Pac. 659.)

There is no necessity for the orders extending the time for serving statement to be incorporated in the statement, and no provision of law for it. The judge's certificate to the statement recites that the statement was "duly served on the attorneys for the plaintiff in the above-entitled cause within the time extended by this court," and in the absence of any objection by the respondent to the settlement of the statement, or any objection to the hearing of motion for new trial, it may be presumed by this court that the recital contained in the certificate is true. (*Hegard v. California Ins. Co.,* 72 Cal. 536, 14 Pac. 180, 359.)

Counsel for respondent, having certified that the transcript is true and correct, should not now be heard to contradict themselves and the certificate, especially since they stipulated that the certificate of the clerk might be waived. (*Wilson v. Wilson,* 6 Idaho, 597, 57 Pac. 708; *Moore v. Taylor,* 1 Idaho, 583, 584.)

The statement on motion for a new trial was settled and certified according to law, and serves both as a statement of the case of a bill of exceptions. (Rev. Stats., sec. 4818; *Witter v. Andrews,* 122 Cal. 1, 54 Pac. 276; *Towdy v. Ellis,* 22 Cal. 650; *Forsythe v. Richardson,* 1 Idaho, 459; *Young v. Tiner,* 4 Idaho, 269, 38 Pac. 697; *Walden v. Murdock,* 23 Cal. 540, 83 Am. Dec. 135; *Carpentier v. Williamson,* 25 Cal. 154.)

The cases of *Sandpoint v. Doyle,* 9 Idaho, 236, 74 Pac. 861, and *Medbury v. Maloney,* 12 Idaho, 634, 88 Pac. 81, cited by re-

spondent, were both equity cases, and were necessarily based upon section 4819 of the Revised Statutes.

Edwin McBee, for Repondent.

Under the ruling in *Stickney v. Hanrahan*, nothing can be considered on this appeal but the judgment-roll, and all the rest must be stricken. The notice of intention to move for a new trial must be incorporated in the statement. (*Raymond v. Thexton*, 7 Mont. 299, 17 Pac. 258; *Harrigan v. Lynch*, 21 Mont. 36, 52 Pac. 642; *Gum v. Murray*, 6 Mont. 10, 9 Pac. 447; *Morse v. Boyde*, 11 Mont. 247, 28 Pac. 260; *Grinnell v. Davis*, 20 Mont. 222, 50 Pac. 556.)

Every matter not made by statute a part of the record in the case must be made so by a bill of exceptions or statement of facts. (*Putnam v. Putnam*, 3 Ariz. 182, 24 Pac. 320.)

Unless the record contains evidence of the service of the notice of motion for a new trial, or it clearly appears from the record that such service was waived, the court has no jurisdiction of the motion. (*Calderwood v. Brooks*, 28 Cal. 151.)

In the absence of such notice or waiver of the same, the making and filing of a statement does not give the court jurisdiction of the subject matter to grant a new trial, and an order granting a new trial will be reversed. (*Bear River Co. v. Boles*, 24 Cal. 354; *Flateau v. Leubeck*, 24 Cal. 364; *Elsasser v. Hunter*, 26 Cal. 281; *Spencer v. Long*, 39 Cal. 700.)

The stipulation that counsel entered into herein is not a waiver of any of respondent's rights. It is merely certified that, barring certain exceptions, the transcript is correct, and this does not preclude a denial of the sufficiency of the statement, and does not preclude respondent from making the motions to strike and to dismiss. (*Learnard v. Shaw*, 114 Cal. 69, 45 Pac. 1012.)

There is nothing in the record to identify or authenticate in any manner what papers, files, records and documents were used by the district judge in the hearing and determination of the motion for a new trial. (*Village of Sandpoint v. Doyle*, 9 Idaho, 236, 74 Pac. 861; *Medbury v. Maloney*, 12 Idaho, 634, 88 Pac. 81.)

There is nothing in the record to show that the purported statement was used on motion for a new trial, and a purported statement not used on a motion for new trial cannot be considered on appeal in any event. (*Steffy v. Essler,* 6 Idaho, 228, 55 Pac. 239; *Jue Sam v. Lord,* 83 Cal. 150, 23 Pac. 225; *Brind v. Gregory,* 120 Cal. 640, 53 Pac. 25.)

The case of *Witter v. Andrews* cannot be considered as overruling the case of *Jue Sam v. Lord,* for the latter case refers to the former with approval.

Even permitting the statement to stand as a part of the record on appeal from the judgment, there is only one specification of error that could be considered on such appeal, and that is in regard to the question asked Rickerd. The other assignments of error all go to the sufficiency of the evidence, and cannot be considered on an appeal from the judgment unless taken within sixty days from the entry thereof. (*Young v. Tiner,* 4 Idaho, 275, 38 Pac. 697; *Brumagin v. Bradshaw,* 39 Cal. 24.)

AILSHIE, C. J.—The respondent has moved to strike from the transcript in this case the statement on motion for a new trial, the notice of intention to move for a new trial, motion for judgment *non obstante veredicto,* and two orders extending time for the preparation of the statement, and also moves for a dismissal of the appeal taken from the order denying a motion for a new trial, and from the order denying a motion for judgment *non obstante veredicto.* These motions are based on several grounds which we will consider in their order.

It is well enough to note, in the first place, that counsel for appellant admit that the notice of intention to move for a new trial and the two orders extending time for preparation and service of statement on motion for a new trial, and the motion for judgment *non obstante veredicto,* are not properly included in the transcript, and should be stricken therefrom. The notice of intention to move for a new trial was not incorporated in the statement, and for that reason it has not been properly included in the transcript. Counsel for respondent contends that the record on appeal must show that notice of

intention to move for a new trial was given, and that the same
should be incorporated in the statement on motion for a new
trial, and that the absence of the same from the statement is
fatal to the appeal from the order denying the motion. In
support of this contention respondent cites *Raymond v. Thex-
ton,* 7 Mont. 299, 17 Pac. 258; *Gum v. Murry,* 6 Mont. 10, 9
Pac. 447; *Morse v. Boyde,* 11 Mont. 247, 28 Pac. 260; *Harri-
gan v. Lynch,* 21 Mont. 36, 52 Pac. 642. All of these cases are
from Montana. *In Carr, Ryder & Adams Co. v. Closser,* 27
Mont. 94, 69 Pac. 561, the Montana court considered these
earlier cases and indicated a very strong desire to depart from
the earlier holding of the court. In *King v. Pony Gold Min.
Co.,* 28 Mont. 74, 72 Pac. 309, they accordingly overruled the
former decision and followed the doctrine announced by the
California court in *Pico v. Cohn,* 78 Cal. 387, 20 Pac. 706.
The supreme court of California in the latter case considered
this question under a statute exactly the same as ours, and held
that "the notice of intention to move for a new trial is not
a necessary part of the record on appeal, and need not be em-
bodied in the statement or presented on appeal in any form
unless the respondent insists that it was insufficient." The
doctrine of that case seems to have been uniformly followed
by the California court ever since its enunciation. (*Kahn v.
Wilson,* 120 Cal. 644, 53 Pac. 24; *Schneider v. Market St.
Ry. Co.,* 134 Cal. 484, 66 Pac. 734; 4 Notes on California Re-
ports, 482. See, also, *Ettien v. Drum,* 35 Mont. 81, 88 Pac.
659.) Under the provisions of our statute, sections 4443 and
4820, Revised Statutes, the notice of intention to move for a
new trial is not made a part of the record on appeal, and we
conclude that it has served its purpose when the motion for a
new trial has been passed upon, and there is no further use of
its being made a part of the record unless the adverse party
objects to its sufficiency. If no notice of intention has been
given at all, or if for any reason it is insufficient, it is the duty
of the respondent to make that objection either upon settlement
of the statement or upon the hearing of the motion for a new
trial, and have his objection noted and incorporated in a state-
ment or bill of exceptions. If he fails to do so, the court on
appeal will presume that the notice was given. The fact that

the trial court who heard the motion has entertained a motion for a new trial, considered and passed upon the same, implies that the proper notice of intention to make such motion has been served and filed.

For the same reasons given above, it is unnecessary to incorporate in the statement orders made by the trial judge extending the time for preparation of statement and service thereof. If the adverse party contends that no order has been made, or that the time granted has expired, or for any other reason the statement has been presented too late, he should make that objection either at the time of the settlement of the statement, or if he was not present at such time, then at the time of the hearing on the motion for a new trial, and if he is overruled by the court, he should have the same noted and settled in the statement or a bill of exceptions so that he may present it on appeal. (*Hegard v. Cal. Ins. Co.*, 72 Cal. 535, 14 Pac. 180, 359.) Respondent also complains because the statement was not filed for some five months after the expiration of the time allowed for the preparation and service thereof. It will be observed from section 4441, Revised Statutes, that the statute does not contemplate the filing of a statement or a bill of exceptions until after it is settled, when it shall thereupon be filed with the clerk. The statement in this case appears to have been filed the same day it was settled and signed by the judge.

It is next contended that no written motion was ever made for a new trial in this case. It is evident from the record in the case that a motion for a new trial was heard by the trial court and passed upon. He certifies in his order that the case came on for hearing on the seventeenth day of December "on the motion of the defendant for a new trial," and after other recitals therein, the court concludes with his order denying the motion. This is all the evidence necessary to be presented to this court in order to show that a motion for a new trial has been made in the lower court.

Counsel for respondent places great reliance on his contention that the statement should be stricken from the transcript, and that the appeal from the order denying a motion for a new trial should be dismissed, for the reason that the record con-

tains no certificate from the judge or clerk showing what, if any, papers, affidavits, documents or files were used or considered by him in passing upon the motion. The order made by the judge in denying the motion recites that the cause came on for hearing on the seventeenth day of December, "on the motion of the defendant for a new trial and for judgment *non obstante veredicto* herein. E. C. Macdonald, Esq., attorney for the defendant, appeared in support of the motion and Edwin McBee, attorney for plaintiff, appeared in opposition thereto." After the recitals in the order, it concludes by denying both motions. We have been unable to find anywhere in the record any certificate, order or other evidence that would indicate what was presented and submitted to the court on the hearing on this motion, nor can we find what the court considered. When it is remembered that under section 4439, a new trial may be granted on any of the seven different grounds therein enumerated, it becomes at once important as to what showing was made in support of the motion for a new trial, and what matters were presented to the court and considered by him in passing upon such motion. The motion may have been made upon the ground of newly discovered evidence, and affidavits might have been submitted to the court, or it may have been on account of misconduct of the jury and a showing accordingly have been made, or it may have been made on account of accident or surprise, or on account of errors of law committed in the course of the trial. The motion may have been made either upon a statement of the case or upon the minutes of the court. In the case at bar, it appears that the respondent, had he appeared at the time the statement was settled and approved, and made his objections thereto, might have successfully resisted the settlement of the statement at all. It does appear, however, that he was present at the settlement of this statement. It does appear that his counsel was present at the hearing on motion for a new trial. He might have there made the objection which he could have made to the settlement of the statement, and it may be that the court denied the motion for a new trial for the reason that he did not consider the statement properly settled and before him. Numerous reasons suggest themselves why the statute should be

complied with in this respect.    Litigants should be required to present all questions to the trial court that they expect to present on appeal, and give that court the opportunity of passing upon them and possibly of saving an appeal or further litigation.    Sections 4443 and 4820, 4821 designate the records and papers that shall be brought up on an appeal from an order denying or granting a motion for a new trial, and the manner of identification and certification of the same.    These provisions of the statute must be complied with before this court will review an order granting or refusing a new trial. (See *Village of Sandpoint v. Doyle,* 9 Idaho, 236, 74 Pac. 861; *Medbury v. Maloney,* 12 Idaho, 634, 88 Pac. 81.)    The motion to dismiss the appeal from the order denying a new trial must be granted, and it is so ordered.

This leaves the case pending on the appeal from the judgment alone, but since no question is raised that can be considered on this appeal, the judgment must be affirmed, and it is so ordered.    Costs awarded in favor of respondent.

Sullivan, J., concurs.

(November 16, 1907.)

ON REHEARING.

[92 Pac. 363.]

LAW OF THE CASE—STATEMENT NOT USED ON MOTION FOR NEW TRIAL—APPEAL FROM JUDGMENT—STATEMENT—BILL OF EXCEPTIONS—DIFFERENCE IN—QUESTIONS REVIEWED ON APPEAL—WITNESS—INTEREST OF—AFFECTING CREDIBILITY—CASUALTY COMPANY INSURANCE—IMMATERIAL EVIDENCE.

1. Where questions are presented and distinctly passed upon on a former appeal, such decision becomes the law of the case.

2. Under the provisions of section 4818, Revised Statutes, a statement on motion for a new trial may be used as a bill of exceptions on an appeal from the judgment upon such questions as are authorized to be heard upon such appeal, regardless of whether the statement was used on a motion for a new trial or not.

3. When a statement on motion for a new trial has been duly settled, it is presumed to show exactly what occurred at the trial, including the exceptions reserved to the rulings of the court upon

questions of law, and as to those matters it is in substance the same as a bill of exceptions.

4. All errors properly saved and assigned in a statement of the case, not used on motion for a new trial, may be reviewed upon appeal from the judgment although it be taken more than sixty days after the rendition of such judgment.

5. It is not error to permit a witness to testify as to his financial interest in the result of the suit. Such evidence goes to the credibility of the witness.

6. The fact that the defendant corporation was insured by a casualty company, protecting it against damages resulting from personal injuries to its employees, was immaterial, and in this class of cases should not be admitted in evidence, as such evidence only serves to prejudice the jury.

(Syllabus by the court.)

SULLIVAN, J.—This cause was decided by this court on a former appeal, on May 9, 1907, and the opinion therein is found in 92 Pac. 363, ante, p. 384. In that decision this court sustained the motion to dismiss the appeal from the order denying a new trial, and further held, as no question was raised on the appeal from the judgment that could be considered here, that the judgment must be affirmed.

A rehearing was thereafter granted on all questions that could be raised on an appeal from a judgment, and the case was argued and resubmitted on the second day of October, 1907. On the following seventeenth day of October, counsel for the appellant filed with the clerk of this court the certificate of Honorable Ralph T. Morgan, the judge who tried said cause in the district court, and who denied the motion for a new trial. The judge certifies that the statement on motion for a new trial as contained in the transcript on appeal was the identical statement used on the motion for a new trial, and that "No other documents, papers, files or proceedings not incorporated or contained in said statement or in the transcript on appeal were used in said motion for a new trial." As this certificate was filed in this court fifteen days after the cause had been argued on a rehearing, said certificate comes too late. Had that certificate been presented on the original hearing, the court, no doubt, would have considered it.

The court handed down its original opinion herein on the 9th of May, 1907, and thereby dismissed the appeal from the order denying a new trial. Under a well-established rule, that decision is the law of this case so far as the appeal from the order denying a new trial is concerned, and cannot be reopened at this late day. This court held in *Hunter v. Porter,* 10 Idaho, 86, 77 Pac. 434, that where questions were presented and distinctly passed upon, on a former appeal, such decision becomes the law of the case. We therefore can only consider this case upon the appeal from the judgment.

At the outset it is contended that the statement on motion for a new trial found in the record cannot be considered on the appeal from the judgment, for the reason that it was not shown to have been used upon the motion for a new trial. This contention is based upon the provisions of section 4818, Revised Statutes, and decisions under it, and also on decisions of the supreme court of California under an identical statute (Code Civ. Proc., sec. 950), from which our section 4818 was adopted.

There are decisions of the supreme court of this state and also of the state of California which hold that a statement on motion for a new trial cannot be used on an appeal from the judgment unless it has first been used in support of the motion for a new trial. (*Steffy v. Esler,* 6 Idaho, 228, 55 Pac. 239; *Bradbury v. Idaho etc. Land Imp. Co.,* 2 Idaho, 239, 10 Pac. 620.) In *Jue Fook Sam v. Lord,* 83 Cal. 150, 23 Pac. 225, the court holds that a statement on motion for a new trial cannot be used on an appeal from a judgment unless it had been used on the hearing of the motion for the new trial. California decisions on this question are cited in Hayne on New Trial and Appeal, chapter 45, section 254; 3 Notes on California Reports, page 1011.

It appears that the earlier decisions both in this state and in California laid special stress upon the last sentence in said section 4818, Revised Statutes, and 950 of the California Code of Civil Procedure. The first sentence in said section provides that the transcript on appeal must contain, among other papers, all bills of exceptions and statement upon which the appellant relies. It would seem useless, under those decisions,

to have a statement incorporated in a transcript that had not
been used on motion for a new trial. If the exceptions are
properly saved, which may be done in a statement as well as in
a bill of exceptions, we can see no good reason why they should
not be considered on appeal, whether they be saved by bill or
by statement, as there is no material difference between a bill
and a statement. A bill of exceptions may not be a statement
of the case, but a statement usually contains all exceptions
that can be saved by a bill of exceptions.

As we understand it, the supreme court of California has
reversed its former decisions, or indicated that it would do so,
in *Kelley v. Ning Yung Ben. Assn.*, 138 Cal. 602, 72 Pac. 148.
In that case the court held that ''One of the contentions of the
respondent is that the statement to be settled in this case can-
not be used in support of the appeal from the judgment, be-
cause it had not been 'used' in support of the motion for a new
trial. There does not seem to.be any good reason for giving
literal effect to the word 'used,' as employed in the provision
quoted. When a statement on motion for a new trial has been
duly settled, it is conclusively presumed to show exactly what
occurred at the trial, including the exceptions reserved to the
rulings of the court upon questions of law. As to these mat-
ters, it is in substance the same thing as a bill of exceptions;
the only difference between the two being the difference in
their labels. This being so, it is difficult to perceive why, if
the statement contains exceptions to rulings which may be re-
viewed on appeal from the judgment, it should not be used in
support of such appeal whether or not it has been 'used' on
the motion for a new trial, regardless of the question whether
it is likely ever to be so used.''

And further on in that opinion the learned chief justice
said: ''It may be added that every question involved in this
case was decided adversely to the contention of respondent
by Department 1, in *Wall v. Mines*, 128 Cal. 137, 60 Pac. 682,
where it was also expressly held that a statement on motion
for a new trial could be used in support of an appeal from
the judgment, although it had not been used in support of the
motion—a decision which I should unhesitatingly follow if

the present case necessarily involved the question. *Somers v. Somers,* 83 Cal. 621, 24 Pac. 162, is also directly in point.''

We are of the opinion that a statement on motion for a new trial may be used as a bill of exceptions on an appeal from the judgment upon such matters as are authorized to be heard upon such appeal, regardless of whether such statement was used on a motion for a new trial or not.

It has been held by this court and by the supreme court of California that there is but a very slight distinction, if any, except the label, between a bill of exceptions and a statement on motion for a new trial, and under our statute it makes no difference whether it is called a statement or bill of exceptions; if it brings the exceptions properly saved to this court, the court will consider all of such exceptions that may be heard on appeal. (*Schultz v. Keeler,* 2 Idaho, 305, 13 Pac. 481.) Chief Justice Field in *People v. Lee,* 14 Cal. 510, held that the terms ''statement'' or ''bill of exceptions'' are used as meaning the same thing. Of course if a statement contains the evidence and specifies as an error its insufficiency to support the decision or verdict, that specification cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment.

All decisions of the court involving questions of law properly saved in a statement may be passed upon on an appeal from the judgment if taken more than sixty days after its rendition. We therefore conclude that all errors properly saved and assigned in a statement of the case may be reviewed upon appeal from the judgment, although it be taken more than sixty days after the rendition of such judgment, and although the statement be not used on the hearing of a motion for a new trial.

The only question, aside from the insufficiency of the evidence to sustain the verdict presented by said statement, which cannot be considered on this appeal, as the appeal was not taken within sixty days after the rendition of the judgment, is whether the court erred in permitting the witness Rickerd, he being a stockholder of the appellant corporation, to testify whether he was financially interested in the result of the action. Witness Rickerd testified as follows:

"Q. Mr. Rickerd, are you financially interested in the result of this action?"

(Over the objection of counsel for appellant he was permitted to answer, and answered as follows:)

"A. Financially, I don't think it would affect me seriously either way.

"The Court: You may say whether it does or not.

"A. No; I don't think it would affect me if it went against us."

It will be observed that no mention was made of liability insurance by either the counsel or the witness, and it is contended by counsel for respondent that those questions were proper, as they tended to show the interest of the witness in the result of the action, which he claims he had a right to do as affecting the credibility of the witness; that the jury in considering the weight to be given to that witness' testimony had a right to consider his financial interest in the result of the suit.

Counsel for respondent, in support of the action of the court, cites the case of *Shoemaker v. Bryant Lumber Co.,* 27 Wash. 637, 68 Pac. 380. The identical question raised here was raised in that case, and the court stated, in the course of the opinion, as follows: "The fact that the defendant company was insured or had made previous arrangements protecting it against damages resulting to its employees was clearly immaterial to the main issue as to the liability of the defendant, but the interest of the witness, Verd, as affecting his credibility was material to go to the jury. The question objected to went directly to the credibility of the witness. He had already said that if a judgment was obtained against the defendant, he would have to pay his proportion of it. This showed that he had a financial interest in the case"; and it was held that under the circumstances of that case, the trial court did not abuse its discretion in admitting that evidence.

It ·is contended in the case at bar that while it was true that respondent's counsel did not directly ask whether the defendant carried liability insurance, the effect was the same as though he had. That may have been his purpose, but the questions and answers above quoted only indicate that counsel

was trying to ascertain whether the witness was financially interested in the result of the action. He had a right to ascertain that fact, as the pecuniary interest of a witness may be shown, and the matter left with the jury to determine whether that fact affects his credibility. Counsel for appellant has cited a number of authorities which hold that it is reversible error in an action to recover personal injuries for counsel to give the jury to understand that an insurance company is defending the case. To that effect is *Iverson v. McDonnell,* 36 Wash. 73, 78 Pac. 202; *Manigold v. Black River Traction Co.,* 81 App. Div. 381, 80 N. Y. Supp. 861; *Fuller Co. v. Darragh,* 101 Ill. App. 664, and other cases.

The fact that a defendant was insured by a casualty company against injury of any of its employees is an immaterial matter, and ought not to be permitted to go to the jury, and counsel ought not to be permitted to introduce any such evidence, for it is well recognized that it is only done for one purpose, and that is to prejudice the jury. The witness Rickerd was a stockholder, and counsel had a right to inquire into and to ascertain whether he would be financially liable in case judgment went against his company, on the theory that the financial interest of a witness may be introduced as affecting his credibility, and the court did not err in admitting the evidence along that line. Judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., concurs.