[In Bank.—December 26, 1883.]

R. F. MORROW, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

| | |
|---|---|
| 64 | 383 |
| 81 | 368 |
| 64 | 383 |
| 82 | 653 |
| 64 | 383 |
| 86 | 579 |
| 64 | 383 |
| 133 | 46 |

CORPORATION—LIFE INSURANCE COMPANY—STOCKHOLDER.— A creditor of a life insurance company incorporated under the Act of April 22, 1866, may maintain an action against an individual stockholder for his proportion of a debt due from the corporation to the creditor.

ID.—LIABILITY.—The liability of a stockholder is primary. A creditor is not bound to exhaust the remedies against the company which the law has provided for his protection, before proceeding against the stockholder.

ID.—JURISDICTION—FORM OF ACTION.—In an action by a creditor against a stockholder to recover a proportionate amount of a debt created by the corporation, it is only necessary to determine (1) the whole amount of the capital stock of the company, (2) the amount of stock owned by the defendant, and (3) the amount of the indebtedness of the company to the creditor. These questions are not of equitable cognizance, and may be tried and determined in an action at law.

PETITION for a writ of certiorari to review the action of the Superior Court of the city and county of San Francisco.

The facts sufficiently appear in the opinion of the court.

*E. W. McGraw*, and *James T. Boyd*, for Petitioner, cited *French* v. *Teschemaker*, 24 Cal. 518; *Davidson* v. *Rankin*, 34 Cal. 503; *Larrabee* v. *Baldwin*, 35 Cal. 166; *Prince* v. *Lynch*, 38 Cal. 528; *Young* v. *Rosenbaum*, 39 Cal. 646; Stats. of 1866, p. 752; *Pollard* v. *Bailey*, 20 Wall. 524; *Terry* v. *Tubman*, 92 U. S. 156; *Smith* v. *Huckabee*, 53 Ala. 191; *Mann* v. *Pentz*, 3 N. Y. 422; *Harris* v. *First Parish in Dorchester*, 23 Pick. 112; *Spear* v. *Grant*, 16 Mass. 15; *Coleman* v. *White*, 14 Wis. 700; *Atwood* v. *R. I. Ag. Bk.* 1 R. I. 386; *Von Glahn* v. *Harris*, 73 N. C. 329; *Hornor* v. *Henning*, 3 Otto, 228; *Buchanan* v. *Barton Iron Co.* 3 Ill. App. 191; *Buchanan* v. *Low*, 3 Ill. 202; *McRae* v. *Locke*, 114 Mass. 96; *Knowlton* v. *Ackley*, 8 Cush. 93; *Griffith* v. *Mangam*, 42 N. Y. Sup. Ct. 273; *Griffith* v. *Mangam*, 73 N. Y. 611; *People* v. *Security Ins. Co.* 78 N. Y. 144; *Attorney-Genl.* v. *Guardian Ins. Co.* 82 N. Y. 337.

*Vincent Neale*, for Respondent. The office of certiorari is to test the jurisdiction of an inferior tribunal, and not to correct errors in its decisions. (*Barber* v. *Board of Supervisors*, 42 Cal. 630; *People* v. *Borney*, 29 Cal. 460; *Winter* v. *Fitzpatrick*, 35 Cal. 269.) It will not lie when there is an appeal. (*People* v. *Shephard*, 28 Cal. 115; *Bennett* v. *Wallace*, 43 Cal. 25; *Faut* v. *Mason*, 47 Cal. 8.) A general liability created by statute may be enforced by an action at law. (*Pollard* v. *Bailey*, 20 Wall. 526; *Bullard* v. *Bell*, 1 Mason, 243.) The liability of a stockholder is primary, individual, and personal. (*Young* v. *Rosenbaum*, 39 Cal. 654; *Mokelumne Hill* v. *Woodbury*, 14 Cal. 265, 503; *McAuley* v. *York Mining Co.* 6 Cal. 80; *Allen* v. *Sewall*, 2 Wend. 327; Thompson on the Liability of Stockholders, p. 349; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 478; *Curlew* v. *First National Bank*, 64 Ill. 528; *Matthews* v. *Albert*, 24 Md. 527; *Norris* v. *Johnson*, 34 Md. 485; *Perry* v. *Turner*, 55 Mo. 418; *Grund* v. *Tucker*, 5 Kan. 70; *Brinham* v. *Wellersberg Coal Co.* 47 Pa. 43.)

SHARPSTEIN, J.—The principal question in this case is whether, before the adoption of the present Constitution, one having a claim against a life insurance company, incorporated under the Act of April 22, 1866 (Stats. 1865-66, p. 752), could

bring and maintain in the Justices' Court an action against a stockholder in such incorporation, whose proportionate share of such liability would be less than three hundred dollars.

Whether he could or not depends very much on the construction to be given to section 17 of said act, which is as follows: "Each stockholder of the company shall be individually and personally liable for such proportion of all its debts and liabilities as the amount of its capital stock owned by him bears to the whole of the capital stock."

In the brief of counsel for petitioner it is said that, "In any action to enforce this liability it is necessary that there should be ascertained and determined:—

"First.   The amount of capital stock of the corporation.

"Second.   The amount of this capital stock owned by each stockholder.

"Third.   The total amount of debts and liabilities of the corporation.

"Fourth.   The proportion of such debts and liabilities for which each stockholder is liable."

And it is further said that, "this cannot be done in a common-law action."

But if an individual creditor can maintain an action against an individual stockholder for such proportion of the indebtedness of the company to such creditor, as the stock of such stockholder bears to the whole of the capital stock of such company, it would only be necessary in such action to ascertain the whole amount of the capital stock of such company, the amount owned by the stockholder sued, and the amount of the indebtedness of the company to the creditor suing such stockholder. This could be done quite as well at law as in equity.

The first clause of section 16 of the Act of April 14, 1853, as amended by the Act of April 27, 1863, read as follows: "Each stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which joint or several actions may be prosecuted."

In *Larrabee* v. *Baldwin*, 35 Cal. 155, it was said it would not be a strained construction of that clause, standing alone, to

hold that a creditor of the company might maintain an action against an individual stockholder on his personal liability, although it "might be open to some doubt, whether it was contemplated that each creditor should be compelled to pursue each stockholder for his individual share of his debt, or whether he might make his money out of the first one he could find, whose liability is sufficient to recover the indebtedness." But after throwing out this intimation, the court decided the case before it, mainly, if not wholly, on other provisions of the same section.

In the clause last above quoted it is expressly provided that "joint or several actions may be prosecuted," on the stockholder's liability. That provision is not contained in the clause under which the petitioner was sued. But it is expressly provided that each stockholder shall be *individually* and *personally* liable for a proportion of all the debts, and he is necessarily liable for the same proportion of each debt. *All* the debts means *every* debt of the company; and it does seem to us that any creditor is entitled to sue any stockholder for such proportion of the indebtedness of the company to such creditor as the stock of such stockholder bears to the whole capital stock of said company. The stockholder is made *individually*, not *jointly*, liable. And if it should be the misfortune of any stockholder to be sued by each creditor of the company, the aggregate of their several recoveries could not exceed the sum which all might recover in a joint action.

As to the primary liability of the stockholders of the company, for its debts, we entertain no doubt. There is a provision for a guaranty fund, to which recourse may be had after the assets from premiums and other sources, exclusive of capital stock, have been exhausted. But as we construe it there is nothing in the act which postpones a creditor's right of action against a stockholder, until after he has exhausted his remedies or any part of them against the company for the recovery of his debt. The liability of the stockholder is, in our opinion, as distinct and separate from that of the corporation, as it would be if the act had made no provision for any other liability than that of stockholders for the debts of the company.

Judgment affirmed.

MORRISON, C. J., THORNTON, J., and MYRICK, J., concurred.