[No. 12929.    Department One. — November 30, 1889.]

# IN THE MATTER OF THE CALIFORNIA MUTUAL LIFE INSURANCE COMPANY, AN INSOLVENT DEBTOR.

APPEAL — INSOLVENCY — JOINT APPEAL BY CREDITORS. — Separate creditors of an insolvent who have a common interest in the reversal or modification of a decree as to the mode of payment of their claims, and who are all aggrieved in the same way and by the same portion of the decree, may prosecute a joint appeal from the decree.

LIFE INSURANCE — MUTUAL COMPANY — GUARANTY FUND — CLAIM OF STOCKHOLDERS — LIABILITY OF STOCKHOLDERS — CONSTUCTION OF STAT-UTE. — The guaranty fund of a mutual life insurance company, organized under the act of 1866, is liable only for the payment of debts due from the company to third persons dealing with it, and not for the payment to the stockholders of moneys paid or contributed by them for the extinguishment of the obligations of the company, for which, as stockholders, they were liable.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Vincent Neale*, and *Cope & Boyd*, for Appellants.

*John T. Doyle, Philip G. Galpin*, and *H. D. Scripture*, for Respondents.

WORKS, J.—Insolvent proceedings under the insolvent act of 1880.

The California Mutual Life Insurance Company was organized under the act of April 2, 1886, entitled "An act to provide for the incorporation of mutual insurance

companies for the insurance of life and health, and against accident." (Stats. 1866, p. 752.)

In March, 1885, the corporation was regularly adjudged to be an insolvent debtor by the superior court of San Francisco, and in April following S. Prentiss Smith was elected and appointed assignee. Pursuant to notice, given as required by law, a large number of claims against the company were presented to the assignee, and among them the claim of Charles Baum and fifteen others, who are the appellants here. These claims, amounting to over five thousand dollars, were disputed by the insolvent and by the assignee, on the ground that they were for moneys paid by the appellants as stockholders of the corporation, on account of matured policies of insurance and as original debtors, and not as guarantors.

On the trial the alleged ground of the objection to these claims was found to be true; yet the court found and adjudged the claims to be valid claims against the insolvent, but payable only out of what the court denominated the "general assets," as distinguished from and exclusive of the " guaranty fund," consisting of the "guaranty notes" made to the company as required by said act. (Secs. 8, 9.) What were thus called the general assets consisted only of a claim of the insolvent against the Republic Life Insurance Company of Illinois, which claim was unavailable and of no apparent value by reason of the insolvency of the last-named company. The "guaranty fund" consisted of promissory notes of solvent persons made payable to the order of the insolvent five days after demand, according to section 9 of said act, amounting to about one hundred and forty thousand dollars, and immediately available for more than one hundred thousand dollars; while the allowed debts of the insolvent, including those due the appellants, were found not to exceed thirty-five thousand dollars.

If, therefore, the "guaranty fund" was properly applicable to the payment of all the debts allowed by the court,

the corporation would appear to have been solvent. But no objection is made to the adjudication of insolvency.; and it is admitted by appellants that the petition states facts sufficient to give the court jurisdiction of the matter.

It is contended by counsel for the respondents — the assignee and note-makers — in their brief, that the appeal should be dismissed, on the ground that the appellants, "having no joint interest or right," joined in their notice of appeal.

It is manifest, however, that the appellants have a common interest in having the decree modified in all respects prayed for by them in the same manner and to the same extent. Their rights and claims are of the same kind, and they are all aggrieved in the same way and by the same portions of the decree appealed from.

It would be a matter of great inconvenience and additional expense, without any corresponding compensation, to require sixteen separate appeals in this case, and it seems to us that they are not required by the Code of Civil Procedure or by the insolvent act.

The counsel for appellants further contend that the guaranty fund was lawfully applicable to the payment of their claims which had been allowed by the court, and that the court erred in refusing to so apply it. Counsel for respondents deny this, and contend that the guaranty fund was not designed for the benefit of the corporation or its share-holders, but only for the benefit of the public dealing with the corporation.

The eighth section of the act under which this corporation was organized, among other things, provides that "every company formed under this act shall have a capital stock of not less than one hundred thousand dollars. It shall not make any insurance upon any risk, or transact any other business in section 1 mentioned, until its capital stock shall have been fully paid up in cash, and until it shall have also obtained a fund, to be known

as a guaranty fund, of not less than two hundred and fifty thousand dollars, as is hereinafter provided."

Section 9 provides that "the guaranty fund mentioned in section 8 shall consist of promissory notes of solvent parties, approved of by the board of directors and by each other. Such notes shall be payable to the company or its order, and at such time or times, in such modes, and such sums, with or without interest, shall be in all other respects as the board of directors shall prescribe; but the amount of the note or notes given by any one person shall not exceed in the whole the sum of five thousand dollars, exclusive of interest. Such notes shall be payable absolutely and at all events at the company's option, shall be negotiable, and may be indorsed and transferred or converted into cash, or otherwise dealt with by the company at its discretion, without reference to any contingency of losses, expenses, or otherwise. Such notes, or the proceeds thereof, shall remain with the company as a fund for the better security of its dealers, and shall be assets of the company, liable for all its debts, obligations, and indebtedness next after its assets from premiums and other sources, exclusive of capital stock, until the net earnings of the company, over and above its expenses, losses and liabilities, shall have accumulated in cash, or securities in which the net earnings have been invested, to a sum which, with the capital stock, shall be equal to the aggregate of the original amounts of the guaranty fund and of the capital stock; and thereupon the said sum, with the capital stock, shall become and remain the fixed capital of the company, not subject to division among the stockholders or parties dealing with the company, or to be expended in any manner otherwise, except when required in payment of the company's debts and actual expenses, until the business of the company shall have been closed, its debts paid, and its outstanding policies and obligations of every kind canceled or provided for; and

if from any cause a deficiency shall at any time occur in such fixed capital, no further division of profits shall take place until such deficiency shall have been made up."

The seventeenth section of the act provides: "Each stockholder of the company shall be individually and personally liable for such proportion of all its debts and liabilities as the amount of its capital stock owned by him bears to the whole of such capital stock."

It does not appear that the amount of fixed capital stock, as provided in section 9, was ever obtained, or declared, as provided in section 10, so as to discharge the guaranty fund or to allow the guaranty notes to be withdrawn; and the court finds that all of said fifty notes, except five, have come into the hands of the assignee; and as a conclusion of law finds: "That the aforesaid guaranty notes are assets of the said insolvent, liable to be called in, so far as necessary, for the payment of debts to holders of policies, but not so liable for payment to its stockholders for moneys contributed or paid by them on account of debts due by the said company by reason of their liabilities as such stockholders."

And further finds, as a conclusion of law, that the claims of the appellants for moneys paid by them as stockholders, "and because of their liability as such, are valid, . . . . and are established and allowed against it, so far forth, however, only as to be payable out of the aforesaid general assets of said company, and not out of any moneys derived from the said guaranty notes, or the proceeds or the makers thereof."

The judgment of the court below was clearly right. The corporation and its stockholders are primarily liable for the company's debts. (*Morrow* v. *Superior Court*, 64 Cal. 383.) The parties who executed the guaranty notes are the sureties of the company and its stockholders for the payment of these debts, and cannot be held liable as between them and the stockholders for

the amounts paid by the latter on their own debts.    To hold otherwise would be to allow a principal to pay his own debt and then recover it back from his surety. Section 9 of the statute referred to contains a general provision that this guaranty fund shall be liable for all of the debts of the company, but this must be construed to apply to debts due from the company to parties dealing with it, and not to the right of a stockholder to recover from the corporation moneys advanced by him for the debts of the corporation.    This is apparent from the fact that the provision referred to was for the protection of persons dealing with the company, and not for the protection of its stockholders, who are expressly made personally and individually liable for such proportion of the debts of the company as the amount of its capital stock owned by them bears to the whole of such capital stock.    The guaranty fund provided for by the statute is an *additional* security to parties over and above the liability of the company and its stockholders, and as between the makers of these notes and the company and its stockholders, the money paid by the stockholders cannot be made a charge upon such guarantors.

Judgment affirmed.

Fox, J., and Paterson, J., concurred.

Hearing in Bank denied.