[No. 13636.   In Bank. — May 1, 1890.]

83   621
e128  137

83  621
e138  606

ISABEL M. SOMERS, RESPONDENT, *v.* CALVIN T. SOMERS, APPELLANT.

APPEAL — DISMISSAL — TIME TO FILE TRANSCRIPT — UNSETTLED BILL OF EXCEPTIONS OR STATEMENT. — The time within which a transcript on appeal must be filed does not in all cases commence to run from the date of perfecting the appeal; but if there be an unsettled bill of exceptions or statement, which may be used in support of the appeal, the forty days does not begin to run until such bill or statement is settled; and a motion *to* dismiss the appeal, made pending such settlement, though more than forty days has elapsed since the appeal was perfected, must be denied.

ID. — APPEAL FROM JUDGMENT — NEW-TRIAL STATEMENT. — A statement on motion for a new trial may be used in support of an appeal from the judgment; and the transcript upon such appeal may be filed within forty days after settlement of such statement.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Matt. I. Sullivan*, for Appellant.

*R. B. Mitchell*, for Respondent.

BEATTY, C. J. —This is a motion to dismiss an appeal from the judgment in the action above entitled, upon the ground that no transcript has been filed here, notwithstanding more than forty days have elapsed since the appeal was perfected. But it will be seen by reference to rule 2 of this court that the time within which a transcript must be filed does not in all cases commence to run from the date of perfecting the appeal. If there be a bill of exceptions or statement which may be used in support of the appeal, the forty days allowed by the rule for filing the transcript does not commence to run until such bill or statement is settled.

In this case it appears that the appellant is moving for a new trial; that he prepared and served a statement to be used on that motion within due time, but that it has never been settled, owing to the refusal of the trial judge to act upon it. He is still endeavoring to procure the settlement of this statement, and makes affidavit that it will constitute a material part of the record on his appeal.

That it may be used in support of his appeal from the judgment is clear. (Code Civ. Proc , sec. 950.)

Such being the case, the motion to dismiss must be denied, and it is so ordered.

PATERSON, J., THORNTON, J., and FOX, J., concurred.