[S. F. No. 2188.   Department One.—March 20, 1900.]

HANNAH WALL et al., Respondents, v. BRIDGET MINES et al., Appellants.

APPEAL FROM JUDGMENT—MOTION TO DISMISS — TIME FOR FILING TRAN-SCRIPT—SETTLEMENT OF STATEMENT.—The time for filing the transcript on appeal from the judgment under rule II of this court does not begin to run until the settlement of a proposed statement of the case—to be used on the motion for a new trial; and a motion to dismiss the appeal made within less than forty days after the settlement of such statement will be denied.

ID.—CONSTRUCTION OF CODE—RECORD UPON APPEAL—USE OF BILL OF EXCEPTIONS OR STATEMENT.—The first sentence in section 950 of the Code of Civil Procedure permits the use, upon appeal from the judgment, of any bill of exceptions, or statement in the case upon which the appellant relies, without regard to whether the same has been used upon a motion for a new trial. The provision of the second sentence in that section for the use of a settled bill of exceptions or statement of the case which has been used on the motion for a new trial does not affect or impair the provisions of the first sentence in the section.

ID.—APPEAL FROM JUDGMENT AFTER SIXTY DAYS—USE OF SETTLED STATE-MENT NOT INVOLVED IN MOTION TO DISMISS.—The question as to what use can be made, upon an appeal from the judgment, taken more than sixty days after its entry, of a statement settled to be used upon a motion for a new trial, is not involved in a mo-

tion to dismiss the appeal from the judgment, where it does not appear affirmatively that it cannot be used for any purpose upon such appeal.

ID.—REVIEW UPON APPEAL.—What use can be made of the statement will be determined when the appeal from the judgment is reviewed upon its merits. The insufficiency of the evidence to justify the decision cannot be considered upon such an appeal taken more than sixty days after entry of the judgment, and the use of the statement will be limited at the hearing to such matters as are authorized to be determined upon the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

W. W. Foote, and J. J. Lermen, for Appellants.

Charles F. Hanlon, for Respondents.

HARRISON, J.—Motion to dismiss the appeal. Judgment was rendered in favor of the plaintiffs December 27, 1898, and was entered of record January 10, 1899. July 8, 1899, the defendants and intervenor filed and served a notice of appeal from the judgment. They also served and filed a notice of their intention to move for a new trial January 6, 1899; and within due time thereafter prepared and served upon the appellants a proposed statement of the case for use on said motion, and the same was settled by the judge and filed with the clerk December 23, 1899. December 29, 1899, the plaintiffs gave notice of the present motion to dismiss the appeal upon the ground that the appellants had failed to file the transcript on appeal within the time prescribed by rule II of this court. The motion is resisted by the appellants upon the ground that by the terms of the rule they are allowed forty days after the settlement of the statement within which to file the transcript.

In *Somers v. Somers*, 83 Cal. 621, the court denied a motion made to dismiss an appeal from the judgment made upon this ground, but it does not appear in that case at what time the appeal was taken, and the respondents urge that, as in the present case the appeal was not taken until more than sixty days after the entry of judgment, any statement of the case is not avail-

able to the appellants for the purpose of considering the in-
sufficiency of the evidence to sustain the decision, and that
the errors of law relied upon can only be reviewed through a bill
of exceptions. The respondents, moreover, contend that under
section 950 of the Code of Civil Procedure, any statement of the
case authorized by section 659 of the Code of Civil Procedure,
is not available upon an appeal from the judgment unless it had
been "used" on a motion for a new trial; and that it does not
appear that the statement referred to by the appellants has been
so used.

Section 950 of the Code of Civil Procedure is as follows:
"On an appeal from a final judgment, the appellant must furnish
the court with a copy of the notice of appeal, of the judgment-
roll, and of any bill of exceptions or statement in the case upon
which the appellant relies. Any statement used on motion for
a new trial, or settled after decision of such motion, when
the motion is made upon the minutes of the court, as pro-
vided in section 661, or any bill of exceptions settled as provided
in sections 649 or 650, or used on motion for a new trial, may
be used on appeal from a final judgment equally as upon appeal
from the order granting or refusing the new trial."

Rule II is as follows: "The appellant in a civil action shall,
within forty days after the appeal is perfected and the bill of
exceptions and the statement (if there be any) are settled, serve
and file the printed transcript of the record, duly certified to be
correct by the attorneys of the respective parties, or by the clerk
of the court from which the appeal is taken."

Upon the adoption of the Code of Civil Procedure in 1872,
the provisions of the practice act for a statement on appeal were
not preserved; and the provision in section 346 of the practice
act that the record on appeal should include "the statement, if
there be any," was omitted in section 950 of the Code of Civil
Procedure as originally adopted. Neither did the code, as orig-
inally adopted, authorize a new trial to be had "upon a state-
ment of the case" or otherwise than upon bills of exceptions and
affidavits. By the amendments to the code which took effect
July 1, 1874, the party seeking a new trial was authorized, under
section 658, to have the same heard at his option upon a bill
of exceptions, or statement of the case, prepared as thereinafter

provided, and section 659 prescribed the mode in which such statement of the case should be prepared. At the same time, section 950 was amended in its present form by providing that the record on appeal should include "a copy of any bill of exceptions or statement in the case upon which appellant relies." Section 950 consists of two parts, viz., one prescribing the record which the appellant is to furnish in support of his appeal, and the other the use which the court may make of the record which is furnished. Under the provisions of the former practice act it was held that a statement of the case on motion for a new trial was not available upon an appeal from the judgment, even though such appeal was taken at the same time and heard upon the same transcript as the appeal from the order, without a stipulation to that effect (*Thompson v. Connolly*, 43 Cal. 636; Hayne on New Trial and Appeal, sec. 251); and the provision in the second sentence of section 950, that the documents therein named might be used on an appeal from a final judgment "equally" as upon an appeal from the order granting or refusing the new trial was doubtless inserted in view of these decisions.

But the record which the appellant is required to furnish is not limited by the provisions of the second sentence of section 950 respecting its use. The requirement that he must furnish a copy of "any statement" in the case upon which he relies is not to be disregarded because the latter sentence in the section provides that "a statement used on motion for a new trial" may be used on the appeal from the judgment. The only statement for which provision is made by the code is a statement of the case, either prepared to be used on the motion for a new trial or after such motion has been decided; and as this statement was authorized by section 658 at the same time that section 950 was amended by requiring the appellant to furnish a copy of "any statement in the case," it must be held that the statement referred to in the first sentence of section 950 includes the statement prepared for use on the motion for a new trial, whether it has been actually used or not. If the legislature had intended that the appellant should furnish only a statement which had been used on a motion for a new trial, it is reasonable to suppose that it would have so declared, rather than to require him to furnish any statement in the case upon which he relies.

An appeal from a judgment may be taken within six months after its entry, while an appeal from an order denying a new trial must be taken within sixty days after its entry. In practice, the two appeals are more frequently taken at the same time than otherwise, but the record which the appellant is required to furnish upon the appeal from the judgment is the same whether there has been any appeal from the order or not. The legislature could not have intended that the statement could not be used upon the appeal from the judgment unless it had been actually used on a motion for a new trial before the appeal from the judgment was taken, since it might often happen that the appeal from the judgment would be taken, and might be heard, before the order denying the new trial would be made; but even in such case the appellant is required to furnish the appellate court with a copy of the statement whether it has been used or not.

The legislature must have intended that the statement so required to be furnished should receive some consideration upon an appeal from the judgment, or it would not have required it to be furnished as a part of the record. And the requirement that the appellant shall furnish "any statement in the case" upon which he relies implies that such statement may be considered upon his appeal; otherwise the requirement would be vain and futile. In *People v. Crane*, 60 Cal. 279, this court, by *mandamus*, directed the judge of the superior court to settle the statement where no motion for a new trial had been made, upon the ground that although it was entitled "plaintiff's proposed statement on appeal," it was in substance, and in everything except in name, a bill of exceptions. The court must have held that the statement could be considered upon the appeal from the judgment, else it would not have directed its settlement. (See *Flagg v. Puterbaugh*, 98 Cal. 134.)

Whether the statement in the present case can be used upon the hearing of the appeal is not involved in this motion, and will be determined when the appeal itself is heard. It does not affirmatively appear that it cannot be so used. The provision of section 950 is not to be construed as authorizing the statement to be considered upon matters which cannot be determined upon an appeal from the judgment, but it will be limited to such

matters as are authorized to be heard upon such appeal. · Under section 939 of the Code of Civil Procedure, if the appeal is taken more than sixty days after the rendition of the judgment, the insufficiency of the evidence to sustain the decision cannot be considered, even though the evidence and specifications are set forth in the statement.

Rule II of this court, as it was framed under the former practice act, provided that the transcript should be filed within forty days "after the perfecting of the appeal, and the statement on appeal (if there be one) is settled." After the amendments to the code in 1874, this rule was changed to its present form. (See 52 Cal. 678.) The rule is framed for the purpose of affording the appellant a reasonable time within which to prepare and file the record upon which his appeal is to be heard, and should be construed as giving him the whole of this time to prepare that record after it is ready for preparation. As the code requires him to furnish the court with a copy of any statement in the case, it is but reasonable that the time should not begin to run until the statement has been settled.

The motion is denied.

Van Dyke, J., and Garoutte, J., concurred.