[S. F. No. 3504.   Department Two.—March 13, 1903.]

GEORGE W. KELLY, Respondent, v. NING YUNG BE-
NEVOLENT ASSOCIATION (a corporation), Appel-
lant.

APPEAL—TIME FOR FILING TRANSCRIPT—MOTION TO DISMISS—PENDING
SETTLEMENT OF STATEMENT.—Under rule II of this court, the
appellant has forty days after the settlement of his bill of excep-
tions and statement, if there be any, in which to file his transcript;
and the settlement of a statement on motion for new trial, still
pending and undisposed of, is a complete answer to a motion to
dismiss the appeal for failure to file the transcript, notwithstanding
the lapse of forty days after the perfecting of the appeal.

ID.—USE OF STATEMENT ON MOTION FOR NEW TRIAL—PRESUMPTION.—
Conceding, without deciding, that a statement settled upon a motion
for new trial must be actually used in support of the motion before
it is available in support of an appeal from the judgment, it is to
be presumed that the settled statement, which renders the motion
ripe for hearing, will be so used on the motion long before the
hearing of the appeal in this court.

ID.—APPEAL AFTER SIXTY DAYS—USE OF STATEMENT.—A statement,
in so far as containing the rulings excepted to at the trial, may be
reviewed upon an appeal from the judgment taken after the lapse
of sixty days, though the sufficiency of the evidence cannot be
reviewed thereupon.

MOTION to dismiss an appeal from a judgment of the Su-
perior Court of the City and County of San Francisco.   John
Hunt, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, for Appellant.

Campbell, Metson & Campbell, for Respondent.

BEATTY, C. J.—Plaintiff recovered a judgment in the
superior court, which was entered in July, 1902.   The de-
fendant in due time gave notice of its intention to move for a
new trial upon a statement of the case to be thereafter pre-
pared, and upon the ground, among others, of errors occur-
ring at the trial.   This notice was followed in due time by a

proposed statement of the case to which the plaintiff proposed amendments which were not accepted, and proper steps were thereupon taken to procure a settlement of the statement by the court. By various orders of the superior court, the settlement of the statement has been continued from time to time, and the proceeding is still pending. It does not appear at whose solicitation these continuances were granted, but presumably they were by consent or for good cause. It does appear that as late as January 13th of the present year the plaintiff sought and obtained leave to propose additional amendments to the statement proposed by defendant.

In the mean time the defendant had, on January 8th, perfected this appeal from the judgment. On February 19th no transcript of the record having been filed here, the plaintiff gave notice of his motion to dismiss said appeal for failure to file the transcript within the time prescribed by rule II. The motion is based upon the assumption that in view of the facts above detailed the time allowed for filing the transcript commenced to run as soon as the appeal was perfected. But the rule cannot be construed to this effect. The appellant by its terms is given not merely forty days after perfecting his appeal to file the transcript, but forty days after perfecting his appeal " *and the settlement of his bill of exceptions, and the statement (if there be any).*" The rule, of course, assumes that it will sometimes happen (in fact, it generally happens) that a bill of exceptions which may be used in support of a particular appeal will remain unsettled for some time after the appeal is perfected, and its unmistakable intent is, that in such cases the time allowed for filing the transcript shall not begin to run until the bill or statement is settled or until the proceeding to obtain a settlement is abandoned or dismissed, or in some way definitely disposed of. Here the settlement of a statement is still pending, and if the statement is such that it may be used in support of this appeal, the fact that it is still unsettled is a complete answer to the motion to dismiss.

The real question in the case is therefore whether this statement, when settled, can be so used.

Section 950 of the Code of Civil Procedure reads as follows: "On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the

judgment-roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 661, or any bill of exceptions settled, as provided in sections 649 or 650, or used on motion for a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial.''

One of the contentions of the respondent is, that the statement to be settled in this case cannot be used in support of the appeal from the judgment because it has not been ''*used*'' in support of the motion for a new trial.

There does not seem to be any good reason for giving literal effect to the word ''used'' as employed in the provision quoted. When a statement on motion for a new trial has been duly *settled it is conclusively presumed* to show exactly what occurred at the trial, including the exceptions reserved to the rulings of the court upon questions of law. As to these matters, it is in substance the same thing as a bill of exceptions, the only difference between the two being the difference in their labels. This being so, it is difficult to perceive why, if the statement contains exceptions to rulings which may be reviewed on appeal from the judgment, it should not be used in support of such appeal, whether or not it has been ''used'' on the motion for a new trial, and regardless of the question whether it is likely ever to be so used. But the present case does not call for a decision of this point; and conceding, without deciding, that a statement settled in pursuance of a motion for a new trial must be actually used in support of the motion before it is available in support of an appeal from the judgment, it still does not follow that the statement in question may not be used in support of this appeal. When it is settled, the motion for a new trial will be ripe for hearing, and if the right of the appellant to use the statement in support of his appeal depends upon using it in support of the motion, it is to be presumed that he will so use it long before the appeal can be brought to a hearing in this court.

Another contention of respondent is, that since the appeal was not taken within sixty days after the rendition of judgment, and since the evidence cannot, for that reason, be re-

viewed on this appeal, the statement on motion for a new trial can be of no avail. But a statement on motion for a new trial contains not only the evidence but the rulings excepted to at the trial, and these may be reviewed upon an appeal from the judgment taken after sixty days.

Finally, it is contended that the views above expressed, if they are sanctioned by the court, will enable appellants to greatly delay the filing of transcripts, and as a consequence the hearing of appeals. But this can only happen through the neglect of the respondent or abuse of its discretion by the superior court. We cannot presume that the superior court will abuse its discretion by arbitrary and unnecessary extensions of time and continuances of the hearings, and if the respondent himself neglects to exercise the right he enjoys under the statute and ordinary rules of court to press the settlement of the statement and the hearing of the motion, he ought not to complain of the result. But aside from these considerations, there is nothing in this argument from inconvenience. If we were to assume that the appellant was seeking delay in the filing of his transcript, and that the trial judge was willing to assist him in carrying out his purpose, the law and our rule put it absolutely in their power to interpose the same delays in the settlement of a bill of exceptions under sections 649 and 650 of the Code of Civil Procedure, as could be secured in settling a statement under section 659 of the Code of Civil Procedure. So that, however the question here involved might be decided, the apprehended inconvenience would continue to exist. For there can be no question of the appellant's right, under the statute, to support his appeal by a bill of exceptions proposed and settled in pursuance of sections 649 and 650, nor any question of his right under the rule to delay filing his transcript for forty days after the settlement of a bill by that method—a method differing in no substantial respect from the proceeding to settle a statement, and yielding a product differing from the statement in no particular, except as above stated, in the label which it bears.

It may be added that every question involved in this case was decided adversely to the contention of respondent by Department One in *Wall* v. *Mines,* 128 Cal. 137, where it was also expressly held that a statement on motion for a new trial.

could be used in support of an appeal from the judgment, although it had not been used in support of the motion, a decision which I should unhesitatingly follow if the present case necessarily involved the question. *Somers* v. *Somers,* 83 Cal. 621, is also directly in point—a case decided in Bank.

The motion to dismiss is denied.

Lorigan, J., and McFarland, J., concurred.

McFARLAND, J.—I concur in the judgment denying the motion to dismiss the appeal, upon the authority of *Somers* v. *Somers,* 83 Cal. 621, and *Wall* v. *Mines,* 128 Cal. 137. If the question were an open one, my conclusion on the point would be otherwise than as held in those cases. They seem to go upon the presumption that a proposed statement on a motion for a new trial will be used, when settled, on such motion. If, however, when the appeal from the judgment comes on to be heard in this court, it then appears that the motion for a new trial had been abandoned and withdrawn, so that the statement never was, and never could be used on such motion, then, in my opinion, such statement will not be a part of the record on the appeal from the judgment. The word "used" in section 950, in the phrase "*used* on motion for new trial," is, in my opinion, so clear and certain and exact that it cannot be construed to mean anything else than that the statement had been so used. A motion for a new trial is an independent proceeding, and nothing connected with it can be brought into an appeal from the judgment unless by virtue of express statutory provision.