[L. A. No. 1360.    In Bank—November 28, 1903.]

JENNIE VINSON et al., Respondents, v. LOS ANGELES
PACIFIC RAILROAD COMPANY, Appellant.

APPEAL FROM JUDGMENT—MOTION TO DISMISS—FAILURE TO FILE TRAN-
SCRIPT—SETTLEMENT OF STATEMENT—MOTION FOR NEW TRIAL UPON
MINUTES.—A motion to dismiss an appeal from the judgment for
failure to file the transcript will be denied, though more than forty
days have elapsed after the perfecting of the appeal, where the
transcript was filed within forty days after the settlement of a
statement on motion for a new trial made upon the minutes of
the court, notwithstanding more than sixty days had elapsed after the
entry of the order denying the new trial, before the statement was
settled, and no appeal was taken from the order.

ID.—INDEPENDENT RIGHTS OF APPEAL—USE OF SETTLED STATEMENT.—
The right of a litigant to appeal from the judgment, and his right
to appeal from an order refusing a new trial, are distinct and sep-
arate rights.  A party appealing from the judgment has an inde-
pendent right under section 950 of the Code of Civil Procedure,
to have settled a statement of the case to be used upon such
appeal, which is not limited by the existence of an appeal or right
of appeal from the order refusing a new trial.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

John D. Pope, for Appellant; Bigelow & Dorsey, Amici
Curiæ, also for Appellant.

Waters & Wylie, for Respondents.

HENSHAW, J.—This is a motion by the plaintiffs to dis-
miss the defendant's appeal from the judgment of the trial
court.  In Department the motion was granted, and the appeal
was dismissed.  Upon petition a reconsideration by the court
in Bank of the question involved was ordered.  The facts are
accurately stated in the Department opinion, and are as
follows: The ground of the motion is, that the transcript was
not filed within forty days after the appeal was perfected.
Rule II of this court provides that: "The appellant in a civil

action shall, within forty days after the appeal is perfected and the bill of exceptions and the statement (if there be any) are settled, serve and file the printed transcript of the record.'' The judgment was rendered in the court below on May 15, 1902, and the appeal was perfected on November 17, 1902. It is conceded that if the time for filing the transcript began to run on November 17th, the appeal must be dismissed for failure to file the same within time. But the appellant claims that the time had been extended by the pendency of proceedings to settle a statement on motion for a new trial, and this presents the sole question in the case. The notice of the motion to dismiss was served and filed on January 10, 1903. It is claimed that a statement on motion for a new trial was settled on December 16, 1902, and that within forty days after that date, but after the filing of the notice of motion to dismiss, the transcript on appeal was filed. If the statement so settled was settled under authority of law and can be used on the appeal, the motion must be denied.

The motion for new trial was made on the minutes of the court, and was denied in the court below on 'July 21, 1902. No appeal was ever taken from the order. The respondents contend that after the lapse of sixty days from the entry of the order, without the taking of an appeal, the right to have a statement settled upon the motion ceased, that the subsequent settlement of the so-called statement was a mere idle and useless ceremony, and that the statement so settled is without force or effect. The appellant relies on section 950 of the Code of Civil Procedure, which is as follows: ''On an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case, upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 661, or any bill of exceptions settled, as provided in sections 649 or 650, or used on motion for a new trial, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing the new trial.'' The contention of the appellant is, that the effect of this section is to give the party who intends to appeal

from a judgment an independent right to have settled a statement of the case for use upon such an appeal, and that by virtue of its provisions he is not limited to the use of such statements only as have been regularly and legally settled in the course of some proceeding upon motion for a new trial.

We think the appellant's contention is sound and should be sustained. In Department it was held that, because the moving party had lost by lapse of time his right to appeal from the order refusing his motion for a new trial, the trial court could not be compelled to settle the statement, and that any statement which the court might settle under such circumstances would be void and would be stricken from the files. This would be quite true if the right of the appellant to the statement was absolutely limited by his right to appeal from the order, or if, in other words, as the Department opinion held, he must appeal from the order before he can exercise the right to use the statement upon his appeal from the judgment. We think, however, that this conclusion is erroneous; that it imposes onerous conditions upon the unfortunate litigant who moves for a new trial upon the minutes of the court—a practice which by this court has been commended (*Malcolmson* v. *Harris,* 90 Cal. 262)—which are not brought to bear upon the litigant who moves for a new trial in any other way. We think, moreover, that the conclusion is in hostility to the spirit of simplicity in practice, pleading, and procedure which animates our code system. To illustrate: If the motion for a new trial be made upon the bill of exceptions or upon the statement (Code Civ. Proc., sec. 659, subds. 2, 3), it is not necessary that the moving party should appeal from the order denying him a new trial as a condition to his right to use the bill of exceptions or the statement, upon appeal from the judgment, and no sound reason can be discovered to lead to the view that the legislature meant to make a distinction between those cases and that where the motion has been made upon the minutes of the court. Nor does it seem a satisfactory answer to say that the appellant in this case cannot have any statement prepared because he could not use the statement upon appeal from the order denying him a new trial. The law might require the trial

court to settle such a statement without regard to the taking of an appeal from the order denying the new trial, the statement to be used upon appeal from the judgment, and we think a consideration of the code sections will disclose that the law contemplates that the trial judge should do precisely this thing.

It is to be remembered that a litigant's right to appeal from the judgment and his right to appeal from the order refusing him a new trial are distinct and separate rights. He may waive either and rely upon the other. It is recognized that some, though not all, of the propositions which may be advanced upon motion for a new trial may likewise be urged upon appeal from the judgment. The litigant who has failed in his motion for a new trial may conclude that all of the propositions which he desires to argue to the appellate court can be presented upon appeal from the judgment with the accompanying papers which the law allows upon such appeal. He may decide as matter of economy to avoid the expense of two appeals, or he may take his appeal from the judgment alone, under the conviction that the trial court was correct in its rulings as to such matters as can be raised only upon motion for a new trial, and hence that the appeal from the judgment affords him a complete remedy. Therefore, to say that because he has not prosecuted an appeal from the order refusing him a new trial, he must lose his right to present those points which arise upon his motion for a new trial, but which at the same time are proper to be presented upon his appeal from the judgment, is a construction so harsh as to be justified only by the express mandate of the law. Or it may be put in another way: Why should a litigant be compelled to take the useless and expensive procedure of perfecting an appeal which he does not care to prosecute, in order to preserve rights which the law accords him upon appeal from the judgment alone? And that the law does accord him these rights we think manifest from a reading of section 950 of the Code of Civil Procedure. The first sentence of that section is mandatory, and declares that on an appeal from a final judgment the appellant must furnish this court with a copy of a bill of exceptions or statement of the case upon which he relies. And any statement settled after a

decision of a motion for a new trial, when the motion is made upon the minutes of the court, may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial. There is in this no word as to the necessity of taking an appeal from the order denying the new trial as a prerequisite to the right to employ the statement on appeal from the judgment. It is a declaration, first, that the party appealing from the judgment has the right to use a statement settled after a decision upon his motion for a new trial upon appeal from the judgment, coupled with the mandatory provision that he must present such a statement to this court. These being his correlative rights and duties, it seems plain that he may demand of the trial court the settlement of a proper statement, not to be used upon an appeal from the order denying him a new trial, but to be used upon his appeal from the judgment which he has already taken, because the law says that he may so use it, and further says that he must present it to this court if it contains any propositions upon which he relies for a reversal.

And this will be found strictly within the reasoning of this court in *Wall* v. *Mines,* 128 Cal. 136, and in *Kelly* v. *Ning Yung etc. Assn:,* 138 Cal. 602. Of course it would be a vain thing to compel the trial court to settle such a statement if its only purpose was to be used upon appeal from the order denying a new trial, because the right to appeal from that order has been lost, but it is far from being a vain thing in the contemplation of the law as above set forth that the appellant from the judgment has the right to use such a statement upon appeal from the judgment, and must present it to this court upon such appeal.

We conclude, therefore, that under the circumstances here set forth a litigant moving for a new trial on the minutes of the court, has the independent right to enforce the settlement of a statement after motion denied (even though he does not appeal from that order), and to use it upon his appeal from the judgment.

The motion to dismiss is therefore denied.

Beatty, C. J., Lorigan, J., and Van Dyke, J., concurred.