[Sac. No. 2261. In Bank.—August 2, 1916.]

## EDMUND VORE, Respondent, v. FERDINAND EPHRAIM et al., Appellants.

APPEAL—BILL OF EXCEPTIONS FOR USE ON NEW TRIAL—USE ON APPEAL FROM JUDGMENT.—A bill of exceptions duly proposed and settled for use on a motion for new trial, although not regularly used on the motion, may be used in support of an appeal from the judgment.

ID.—APPEAL FROM JUDGMENT—SUFFICIENCY OF EVIDENCE.—On an appeal from the judgment taken within sixty days, the sufficiency of the evidence may be considered as well as the errors of law occurring at the trial.

RAILROAD GRANTS—EFFECT OF PATENT—MINERAL LANDS—DUTY OF LAND DEPARTMENT TO DETERMINE CHARACTER OF LANDS.—Although mineral lands, known to be such at and before the issuance of patent in pursuance of the grant of the United States to the Central Pacific Railroad Company by the act of Congress of July 1, 1862, and the amendment of 1864, were excluded from the grant, still that act cast upon the land department of the United States the duty of determining the character of the land before issuing patents therefor.

ID.—TITLE TO MINERAL LANDS PASSES BY PATENT.—The land department is the legally constituted tribunal to determine the question whether or not the land to be patented is or is not mineral land within the meaning of the act, and its determination is not void, but a patent issued in due form passes the title, subject only to the right of the United States to attack the patent by a direct suit for its annulment if the land was known to be mineral when the patent issued.

ID.—CLAUSE IN PATENT EXCEPTING MINERAL LANDS IS VOID.—A clause in the patent purporting to except mineral land found to be in the tract is void, because the officers of the United States who prepare and issue the patent have no authority to insert such exception.

ID.—CONCLUSIVENESS OF DETERMINATION THAT LAND IS AGRICULTURAL—ATTACK ON PATENT BY UNITED STATES.—A patent so issued constitutes a conclusive and official declaration that the land is agricultural, and that all the requirements have been complied with, except upon a direct attack by the United States, or some person acting in privity with it, to set aside the patent for fraud or mistake, or to declare a trust under it.

ID.—SUBSEQUENT MINING LOCATION—WANT OF PRIVITY WITH UNITED STATES.—One claiming under a mining location, made after the issuance of the patent and after a previous location was abandoned, is not in privity with the United States so as to be able to invoke the right to annul such patent.

ID.—LOCATOR CANNOT ATTACK PATENT FOR FRAUD OR MISTAKE.—The fact that the claimant of the mining location was not in privity with the government when the patent was issued prevents him from attacking the patent on the ground of fraud or mistake.

ID.—QUIETING TITLE—JUDGMENT A BAR AGAINST SUBSEQUENT LOCATOR. After the issuance of such patent, the land ceases to be public land of the United States, and a judgment in favor of one holding under the patentee quieting his title against an adverse claimant operates to bar the latter as to any rights claimed by him under a mineral location made after the judgment.

APPEAL from a judgment of the Superior Court of Placer County, and from an order dismissing a motion for a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

I. B. L. Brandt, for Appellants.

John M. Fulweiler, for Respondent.

SHAW, J.—The defendants have appealed from the judgment. The court below made an order that plaintiff's motion to dismiss defendants' motion for a new trial be granted. The defendants filed two notices of appeal from this order, one designating it as an order denying defendants' motion for a new trial, and the other designating it as an order dismissing defendants' motion for a new trial.

The appeal from the judgment was taken within sixty days after its entry. A bill of exceptions for use on the motion for new trial was duly proposed and settled and is set forth in the transcript. A bill of exceptions so settled for use on motion for new trial may be used in support of an appeal from the judgment, although it was not regularly used on the motion for a new trial. (*Wall* v. *Mines,* 128 Cal. 138, [60 Pac. 682]; *Vinson* v. *Los Angeles etc. Co.,* 141 Cal. 154, [74 Pac. 757]; *Gay* v. *Gay,* 146 Cal. 240, [79 Pac. 885]; Code Civ. Proc., sec. 950.) As the appeal from the judgment was taken within sixty days, the sufficiency of the evidence may be considered, as well as the alleged errors of law occurring at the trial. (Code Civ. Proc., sec. 939; *Brown* v. *Towles,* 7 Cal. 398; *Walls* v. *Preston,* 25 Cal. 59; *Harper* v. *Minor,* 27 Cal. 107; *Haviland* v. *Southern C. E. Co.,* 172 Cal. 601, [158 Pac. 328].) From these principles it appears that the questions presented may be as well reviewed on appeal from the judgment as upon an appeal from an order denying a motion for new trial. Hence the elaborate discussions in the briefs regarding the action of the court below upon the motion for new trial, and its effect upon our authority to review the errors of law presented, are unimportant and require no consideration at our hands.

The complaint stated a cause of action to quiet the plaintiff's alleged title to about twenty acres of land included within the boundaries of the east half of section 3, township 13, range 9 east, in Placer County. Therein the plaintiff claimed title to the land described under a mining location regularly made by him on September 11, 1911, under the mining laws of the United States, and on his allegation that at that time the said lands were unoccupied public mineral lands of the United States. The defendants claim title derived from the Central Pacific Railroad Company, under a patent from the United States executed on June 23, 1883, in pursuance of the grant of the United States to the Central Pacific Railroad Company by the act of Congress of July 1,

1862 (12 U. S. Stats. 492), and the amendment of 1864 (13 U. S. Stats. 356). The defendants are the successors in interest, by deeds regularly executed by the Central Pacific Railroad Company, to the title which it acquired by said patent. At the time said patent was issued in 1883, the particular land here involved was in the possession of the plaintiff and was worked by him as a mining claim. Gold had been discovered therein and was being taken therefrom by him in large quantities. In 1887 the plaintiff left said claim and abandoned it. So far as appears it was never again worked as a mining claim and there was no further assertion that it constituted mineral land until the plaintiff again located the parcel in 1911, as aforesaid. The patent under which the defendants claim contained an exception, which at that time was inserted in all patents issued by the United States, reading as follows: ''Excepting all mineral land, should any such be found in the tracts aforesaid.'' The act of 1862, granting the land, contained this clause: ''Provided, that all mineral lands shall be excepted from the operation of this act.'' The contention of the respondent is that by reason of this proviso in the granting act and the exception in the patent, coupled with the fact that at the time the patent was issued the land was known to be mineral in character and was worked as a mine, the railroad company and its successors obtained no title to that part of the land purporting to be conveyed by the patent which was covered by the mining location.

Every question upon which the respondent relies in support of this claim is decided against him in the recent decision of the supreme court of the United States in *Burke* v. *Southern Pacific R. R. Co.*, 234 U. S. 669, [58 L. Ed. 1527, 34 Sup. Ct. Rep. 907]. It is but fair to add that this decision was made after the rendition of the judgment herein. The decision in that case involved the construction of the grant to the Southern Pacific Railroad Company by the act of July 27, 1866. (14 U. S. Stats. 292.) That act also, as do the acts of 1862 and 1864, excluded from its operation all mineral lands other than coal and iron lands. In that case, as in this, mining locations had been made on the land in controversy and discovery made thereon prior to the issuance of the patent. At the time the patent was issued in 1894, the locators were in possession of the mining locations, but afterward they abandoned the same and the plaintiff and his associates relocated the same

under the mining laws of the United States. The patent in that case contained a clause excepting mineral lands, should any be found in the tracts, substantially the same as that contained in the patent here under consideration. After elaborate consideration the court there decided the following propositions: (1) That although mineral lands, known to be such at and before the issuance of patent, were excluded from the grant, yet that the act cast upon the land department of the United States the duty of determining the character of the land before issuing patents therefor; (2) that the land department was the legally constituted tribunal to determine the question whether or not the land to be patented was or was not mineral land within the meaning of the act, and that its determination was not void, but that a patent issued in due form passed the title, subject only to the right of the United States to attack the patent by a direct suit for its annulment if the land was known to be mineral when the patent issued; (3) that the clause in the patent purporting to except mineral land found to be in the tract is void, because the officers of the United States who prepare and issue the patent have no authority to insert such exception; (4) that a patent so issued constitutes "a conclusive and official declaration that the land is agricultural and that all the requirements have been complied with," except upon a direct attack by the United States, or some person acting in privity with it, to set aside the patent for fraud or mistake, or to declare a trust under it; (5) that one claiming under a mining location, made after the issuance of the patent and after the previous location was abandoned, is not in privity with the United States so as to be able to invoke the right to annul such patent; (6) that the fact that the claimant of the mining location was not in privity with the government when the patent was issued prevents him from attacking the patent on the ground of fraud or mistake.

These propositions cover the case made by the respondent and show beyond controversy that the court below erred in its findings and judgment in favor of the plaintiff.

The defendants also pleaded in defense a former adjudication. The defendants here, other than Ephraim and his wife, are the heirs of one Michael Phillips, a former co-owner with Ephraim. In 1893, the defendants Ferdinand Ephraim and the executrix of the estate of Michael Phillips began an action against the plaintiff Vore to quiet their title to certain

lands, including that here in controversy, alleging that Vore claimed some interest or estate therein adverse to the plaintiff which was without right. Vore appeared and demurred to the complaint, the demurrer was overruled, he failed to answer, and thereupon judgment was entered against him in favor of the plaintiffs in that action, defendants here, declaring that all claims of Vore to the land were invalid, and that the plaintiffs were the true and lawful owners thereof and of every part and parcel thereof. The court below was of the opinion that this judgment was not a bar, its theory being that at that time the land was public land of the United States, and that the present claim of the plaintiff Vore is based upon a mining claim made after that judgment was given and is an after-acquired title on which he may prevail. As we have seen, the court was in error in the premise that the land was then public land of the United States. This is fatal to its conclusion. The land at that time belonged to the defendants and has ever since belonged to them. That judgment was a conclusive determination in their favor against the plaintiff in this case. There was no after-acquired title. No other points are discussed which require notice.

The judgment and order are reversed.

Sloss, J., Henshaw, J., Lorigan, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.