[S. F. No. 7034. Department One.—December 16, 1916.]

## VINCENT NEALE, as Special Administrator, etc., Appellant, v. ROBERT H. MORROW, Administrator, etc., Respondent.

NEW TRIAL—NOTICE OF INTENTION—SERVICE AND FILING.—A notice of intention to move for a new trial must not only be served but filed within the time prescribed by the code, and although it is served within the time but not filed, the court is without jurisdiction to entertain the motion, and has no power even under section 473 of the Code of Civil Procedure to relieve the party of his failure to file the notice in time, upon an affidavit explaining such failure.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—USE ON APPEAL FROM JUDGMENT — VALID PROCEEDING FOR NEW TRIAL ESSENTIAL.— A statement settled in connection with a motion for a new trial may be used on an appeal from a judgment, and the right to so use it does not depend upon the fact that it was actually used on a motion for a new trial, or that an appeal was taken from the order denying the motion for a new trial; but there must be a valid proceeding on a motion for a new trial and the statement must be properly prepared in connection with such proceeding.

ID.—INVALID PROCEEDING FOR NEW TRIAL — APPEAL FROM JUDGMENT — FAILURE TO PREPARE STATEMENT IN TIME—RELIEF.—Notwithstanding the failure to properly initiate a proceeding for a new trial, the moving party may be relieved by the trial court under section 473 of the Code of Civil Procedure from his failure to present his statement or bill of exceptions in time, in order that it may be used on an appeal from the judgment, as the proposed statement may be regarded as having a double aspect—as designed to be used both on a motion for a new trial and on an appeal from the judgment, and although failing in the first aspect, it may be used in the other; but where no application for relief under section 473 is made, and the court does not undertake to grant such relief but merely settles the bill over the protest of the other party, the statement is wholly void for either use on an appeal from the order denying a new trial or on an appeal from the judgment.

CLXXIV Cal.—4

ID.—APPEAL UPON JUDGMENT-ROLL—ERRORS CONSIDERED.—Where an appeal stands upon the judgment-roll alone, only errors appearing therein can be considered, and the court cannot consider alleged error in excluding certain evidence offered for the purpose of proving the testimony of material witnesses who had testified at the former trial, but who had since died.

ID.—ACTION ON PROMISSORY NOTE—PROPER NONSUIT.—In an action on a promissory note, the contention that a nonsuit cannot be upheld for the reason that the complaint alleged the making of the promissory note, which is set up *verbatim* in the complaint, and the answer admitted the delivery of said note and nonpayment, cannot be maintained, where the answer sets up by way of defense matters considered and approved in a previous decision of the supreme court in the case and denies various material allegations of the complaint.

ID.—REVERSAL OF JUDGMENT—FINDINGS NULLIFIED — PLEADING ON INFORMATION AND BELIEF.—Findings are nullified by a reversal of a judgment on appeal, and it is not only necessary for the plaintiff to plead and prove over again the facts material to his cause of action, but proper for the defendant to deny them; and the contention that inasmuch as many of the allegations of the complaint were based upon the findings of the court at the former trial, the facts covered therein had been proven and were known to defendant, and could not be denied upon information and belief, cannot be sustained.

ID.—LAW OF THE CASE.—The former decision of the supreme court in the case is conclusive in regard to all questions decided therein.

ID.—PLEADING—DENIAL OF MATERIAL ALLEGATION OF COMPLAINT—MOTION FOR JUDGMENT ON PLEADINGS.—Where the answer sets up a good defense, and denies material allegations of the complaint, it is sufficient as against a general demurrer, and the plaintiff is not entitled to judgment on the pleadings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Vincent Neale, *in pro. per.,* for Appellant.

R. H. Morrow, *in pro. per.,* Garber, Creswell & Garber, and John O'Gara, for Respondent.

LAWLOR, J.—This is an appeal from a judgment of dismissal upon the granting of defendant's motion for a nonsuit. The action is a revival of one to recover judgment upon a promissory note which was the subject of consideration by,

this court in *Neale* v. *Head,* 133. Cal. 42, [65 Pac. 131, 576]. (See, also, *Neale* v. *Morrow,* 150 Cal. 414, [88 Pac. 815], and *Neale* v. *Morrow,* 163 Cal. 445, [125 Pac. 1052].) In the case reported in *Neale* v. *Head,* 133 Cal. 42, [65 Pac. 131, 576], a judgment rendered in plaintiff's favor and an order denying the defendant's motion for a new trial were reversed. Following the last appeal, a trial in the action was held which resulted in the judgment of dismissal.

The plaintiff appeals solely from the judgment, contending that the court erred, in several instances, in excluding certain evidence offered for the purpose of proving the testimony of material witnesses who had testified at the former trial, but who had since died. We cannot, however, consider any of these alleged errors, as there is no legal record upon which such errors can be reviewed. The only statement of the case contained in the record is one which the plaintiff attempted to prepare under section 661 of the Code of Civil Procedure, following a denial of his motion for a new trial which was made on the minutes of the court. But the plaintiff did not initiate any valid proceedings for a new trial as contemplated by that section. It was provided therein that the statement of the case "shall be proposed by the party appealing, or intending to appeal, within ten days after the entry of the order, or such further time as the court in which the action is pending, or a judge thereof, may allow." The plaintiff, while serving his notice of intention within ten days after notice of the entry of judgment, did not file the notice until twenty-one days thereafter, notwithstanding that he had neither applied for nor obtained an order of court or a stipulation of counsel allowing such extension of time. The motion, however, was heard on the minutes of the court, at which time the defendant filed an objection thereto, upon the ground that the filing of the notice of intention in time is essential, and that the court was, therefore, without jurisdiction to entertain the motion for a new trial. By way of answering the objection, the plaintiff filed an affidavit setting forth various reasons and facts in explanation of his failure to file his notice within the time prescribed by the code. But the court did not have power to consider matters offered in excuse of such failure, even under section 473 of the Code of Civil Procedure. It was wholly without jurisdiction to relieve the appellant of the consequences of his failure to file

the notice in time, and the right to move for a new trial was lost. (*Union Collection Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435].) There being, therefore, no proceeding for a new trial upon which the proposed statement could rest, it was not a good statement after decision of such a motion.

Nor can a statement, prepared under such circumstances, have any legal efficacy as a duly authorized statement on appeal from the judgment. It is true that a statement settled in connection with a motion for a new trial may be used on such an appeal, and that the right to so use it does not depend upon the fact that it was actually used on a motion for a new trial, or that an appeal was taken from the order denying the motion for a new trial. (*Wall* v. *Mines,* 128 Cal. 136, [60 Pac. 682] ; *Kelly* v. *Ning Yung Ben. Assn.,* 138 Cal. 602, [72 Pac. 148] ; *Vinson* v. *Los Angeles Pac. R. Co.,* 141 Cal. 151, [74 Pac. 757] ; *Blood* v. *La Serena Land & W. Co.,* 150 Cal. 764, [89 Pac. 1090].) But these cases were all cases in which there was a valid proceeding on a motion for a new trial, and the statement was properly prepared in connection with such proceeding. Viewed as a bill of exceptions to be used on appeal from the judgment, the proposed statement was, of course, too late. (Code Civ. Proc., sec. 650.) Notwithstanding the failure to properly initiate a proceeding for a new trial, the moving party might have been relieved by the lower court under section 473 of the Code of Civil Procedure from his failure to present his statement or bill of exceptions in time, that is to say, the proposed statement might have been regarded as having a double aspect—as designed to be used both on a motion for a new trial and on appeal from the judgment, and though failing in the first aspect, might have been used in the other. The court would have had jurisdiction to relieve the plaintiff from his failure to serve his proposed statement in time. (*Haviland* v. *Southern California Edison Co.,* 172 Cal. 601, [158 Pac. 328] ; *Stonesifer* v. *Kilburn,* 94 Cal. 33, 42, [29 Pac. 332].) But here the plaintiff made no application for relief under section 473, and the court did not undertake to grant such relief. (*Scott* v. *Glenn,* 97 Cal. 513, [32 Pac. 573].) It merely settled the bill over the protest of the defendant. The statement is therefore wholly void for use either on an appeal from the order denying a new trial or on an appeal from the judgment.

This leaves the case to stand upon the judgment-roll alone, and we can only notice errors appearing therein. The plaintiff insists that the judgment of nonsuit cannot be upheld, for the reason that "the complaint alleges the making of a promissory note, which is set out *verbatim* in the complaint, and the answer admits the delivery of said note and the nonpayment." But the complaint, after setting out the note and alleging its delivery and nonpayment, states in elaborate detail the history of·the various transactions and proceedings, following the execution of the note by A. E. Head, the defendant's testator, as one of fifty guarantors of the California Mutual Life Insurance Company, including the unsuccessful efforts of the company to realize a profit on its insurance business, the involuntary insolvency in 1885, the final liquidation of its affairs, and the sale of the notes under execution. These facts are all enumerated in our former decisions in this action, and need not be repeated here. (See, also, *Morrow* v. *Superior Court,* 64 Cal. 383, [1 Pac. 354] ; *In re California Mut. Life Ins. Co.,* 81 Cal. 364, [22 Pac. 869].) The complaint, apparently following the decision in *Neale* v. *Head,* 133 Cal. 42, [65 Pac. 131, 576], also alleges the assignment of the note to the estate, which the plaintiff represents as special administrator, in settlement and extinguishment of a claim against the company arising out of an insurance policy on the life of the deceased. Other allegations cover matters which need not be mentioned here. Finally, the complaint alleges a demand in 1888 for payment of the note and interest, and the subsequent, unsuccessful attempts to recover judgment.

The answer, admitting the making of the note under the circumstances alleged, sets up by way of defense the same matters considered and approved in *Neale* v. *Head,* 133 Cal. 42, [65 Pac. 131, 576], and denies, for the most part on information and belief, various material allegations of the complaint, as, for instance, the demand upon defendant's testator for payment, the assignment of the note to plaintiff as a creditor of the company, and the proceedings whereby the company was decreed insolvent. The plaintiff filed a general demurrer to the answer. He contends that inasmuch as many of the allegations of the complaint were based upon the findings of the court at the former trial, the facts covered therein had been proved and were known to the defendant, and could

not be denied upon information and belief—that such denials were for that reason insufficient and must be disregarded. But the findings were nullified by the reversal of the judgment, and it was not only necessary for the plaintiff to plead and prove over again the facts material to his cause of action, but proper for the defendant to deny them. The plaintiff further argues that "all the allegations in the complaint outside those alleging the making of the note, the demand, and the nonpayment, were only required or proper to offset and forestall the plea of the statute of limitations," and "became *functus officio ad hoc*" upon the decision in *Neale* v. *Morrow,* 150 Cal. 414, [88 Pac. 815]. But the contention is without merit. The decision of this court in *Neale* v. *Head,* 133 Cal. 42, [65 Pac. 131, 576], determined that it was necessary for plaintiff to prove the facts alleged. And that decision also held that the acts and transactions set up in the answer operated to discharge the guarantors from their liability. Even assuming that the answer admits the demand and nonpayment of the note, we cannot see how the plaintiff, in view of the reasoning of the court in that decision, now stands in any better position than he did at the former trial. The plaintiff argues at great length that the decision "is not good law," and that the answer consequently presents no legal defense to his right to recover judgment on the note. But that case constitutes a final adjudication which is conclusive as to the rights of the plaintiff in regard to all questions decided therein, and this court cannot depart from its consequences. (*Southern Pac. Co.* v. *Edmunds,* 168 Cal. 415, [143 Pac. 597] ; *Higuera* v. *Corea,* 168 Cal. 788, [145 Pac. 529].) As the answer sets up a good defense and denies material allegations of the complaint, it was sufficient as against a general demurrer, and the plaintiff was not entitled to judgment on the pleadings. This disposes of the appeal.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.